54 So.2d 786

## ALABAMA POWER CO. v. DIRECTOR OF INDUSTRIAL RELATIONS.

### 6 Div. 167.

Court of Appeals of Alabama.

Aug. 21, 1951.

Rehearing Denied Oct. 2, 1951.

J. Eugene Foster and Otis J. Goodwyn, Montgomery, for appellee.

McQueen & McQueen and John D. Mc-Queen, Jr., Tuscaloosa, and Martin, Turner & McWhorter and Alvin W. Vogtte, Jr., all of Birmingham, for appellant.

HARWOOD, Judge.

In the administrative processes in the Department of Industrial Relations Clyde

Daniel, a former employee of the Alabama Power Company, received a favorable decision from the Appeals Referee on his claim for unemployment compensation. The decision of the Claims Referee was appealed by the company to the Board of Appeals which, by a decision of two of its members, the third member dissenting, set aside and reversed the decision of the Appeals Referee.

From this decision of the Board of Appeals the Director of the Department of Industrial Relations, as an interested party, perfected an appeal to the Circuit Court of Tuscaloosa County.

In the circuit court the cause was submitted on an agreed statement of facts. The court below entered a judgment awarding the employee compensation, and from that judgment the employer perfected its appeal to this court.

The agreed facts on which the cause was submitted in the court below was as follows: "That the defendant, Clyde T. Daniel, was employed by the defendant, Alabama Power Company, on October 21, 1948, and worked as an assistant mine foreman at the mines of the defendant, Alabama Power Company, at Gorgas, Alabama; that on February 22, 1949, the defendant, Clyde T. Daniel, left his employment with the defendant, Alabama Power Company, voluntarily without good cause connected with such work; that the sole reason for the leaving of such employment by the defendant, Clyde T. Daniel, was to become employed with another company; that the defendant, Clyde T. Daniel, immediately took employment with another company and was thereafter employed by said other company for a period of 8 weeks or more; that the defendant, Clyde T. Daniel, left his employment with said other company with good cause connected with his work with such company; and that the defendant, Clyde T. Daniel, applied for unemployment compensation benefits after September 2, 1949."

Section 214, subd. B of Title 26, Code of Alabama 1940, pertaining to disqualification for unemployment benefits, was amended by Act No. 526, which became effective on September 2, 1949 on approval by the Governor.

Prior to that date Section 214, subd. B, supra, provided as follows:

"214. Disqualification for benefits.—An individual shall be disqualified for benefits for total or partial unemployment:—

\* \* \* \* \* \*

"B. If he has left his employment voluntarily without good cause connected with such work."

It cannot be questioned but that Daniel under the stipulated facts was disqualified from receiving benefits at the time he left his employment with appellant on 22 February 1949.

By the amendment above mentioned, an exception from disqualification for benefits was made where the employee leaves his work without good cause connected therewith, provided he immediately takes another job and is employed thereon for not less than eight weeks.

The portions of Section 214, subd. B, as amended on September 2, 1949, pertinent to this appeal, now read:

"214. Disqualification for benefits.—An individual shall be disqualified (for benefits) for total or partial unemployment:

\* \* \* \* \* \*

"B. If he has left his employment voluntarily without good cause connected with such work. But he shall not be disqualified if:

\* \* \* \* \* \*

"(2) He left his employment and immediately took another job and thereafter was employed on said other job for not less than eight weeks. For the purpose of this subsection another job shall not include self-employment. Except this exception shall not apply if he quits his new employment voluntarily without good cause connected with his work."

The sole question raised by this appeal is whether Section 214, subd. B, as amended, is to be construed as creating, retroactively, a cause of action in favor of Daniel.

It is a fundamental precept of our jurisprudence that substantive legal interests spring from the law in effect at the time such interests are alleged to have arisen or to have been violated. For this reason, undoubtedly induced by a sense what is fair and what is right, courts have uniformly been reluctant to construe statutes as having retroactive operation, even though non offensive constitutionally, unless the intent of the legislature that a statute is to operate retroactively is made certain, either by actual words, or by clear and necessary implication.

This precept is threaded through the following language of Somerville, J., in Barrington v. Barrington, 200 Ala. 315, 76 So. 81, 82: "A statute which gives a new legal effect to conduct or conditions occurring or existing prior to its enactment, thereby imposing upon any person unanticipated disabilities or alterations of legal status, is retrospective in a sense which is odious to the law, and, as to such operation, is strongly disfavored by the courts, even though it does not offend the Constitution by impairing the obligation of a contract or by creating a crime or punishment ex post facto. [And] it will not be given retroactive effect unless by its express terms or by unmistakable implication, the Legislature must have so intended."

In the more recent case of McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561, 564, our Supreme Court wrote: "We do not have to reach the question of legislative power, but rather whether it was the intent of the Legislature that the act of July 6, 1945, be retrospective. As was said in the case of New England Mortgage Security Co. v. Board of Revenue of Montgomery County, 81 Ala. 110, 1 So. 30, 31: 'On principles of general jurisprudence, a statute is not to have effect beyond the time of its enactment; and, to give it retroactive operation, there must be found therein clear and indisputable expressions of such legislative design. When the words of a statute can be construed as intended to be prospective only, they will not be so construed as to give retroactive effect.

The courts will "always construe statutes as prospective, and not retrospective, unless constrained to the contrary course by the rigor of the phraseology." ' To like effect see Philips v. Gray, Administrator, 1 Ala. 226; Boyce v. Holmes, 2 Ala. 54; Kidd v. Montague, 19 Ala. 619; Eskridge v. Ditmars, 51 Ala. 245; Ex parte Buckley, 53 Ala. 42; Warten v. Matthews, 80 Ala. 429; Barrington v. Barrington, 200 Ala. 315, 76 So. 81."

Act No. 526, supra, is entitled "An Act To amend Section 214 of Title 26, 1940 Code, as amended by Act No. 310 of the 1943 Legislature, relating to unemployment compensation."

By way of exceptions to the general disqualification provisions it creates several new and substantive rights to compensation in favor of the employee, which rights did not exist prior to the amendment. The legislative intent must be sought from the Act as a whole, and not from only a portion of the Act. Marion County v. Middleton, 246 Ala. 464, 21 So.2d 312; Alabama Mills v. Carnley, 35 Ala.App. 46, 44 So.2d 622, 14 A.L.R.2d 1301, certiorari denied 253 Ala. 426, 44 So.2d 627.

Act 526, supra, concludes with the provision that: "This act shall become a law upon its passage and approval by the Governor or its otherwise becoming a law."

All of the above compels the conclusion that it was not the intent of the legislature that this Act should have a retroactive operation; particularly in the absence of any declaration by the legislature indicating an intent otherwise. Indeed, looking solely at the pertinent provisions of Section 214, subd. B as they appear in the amendment, and which we have set forth above, we find nothing in the indicated language from which the implication can rationally be drawn that it was the intent of the legislature that any retroactive effect should flow from the language employed even in that limited portion of the Act.

As we interpret the brief and argument filed by the Director, it is further his contention that retroactive operation

222

·should be accorded Act 526, supra, because the unemployment compensation law is remedial in nature and should be liberally ·construed, particularly since our unemployment compensation law specifically provides that there shall be no vested right ·of any kind against its amendment or repeal.

The premises on which the Director posits his contention are undeniably correct, and have received full recognition in the decisions of this court and of our Supreme Court. The conclusions reached by the Director's argument are however specious.

Our unemployment Act is remedial in its socio-economic aspect, and should, and has, received a liberal construction. This doctrine of liberal construction is not however subject to such elasticity as to warrant the creation, by statutory construction, of substantive rights or interests which did not exist prior to enactment of a law subject to such liberal construction.

Likewise, the legislative expression that no vested rights shall be deemed to attach because of our unemployment compensation legislation serves only to negative the idea of any vested rights. It in no way tends to create any positive legal. status whose existence must depend upon and flow from positive legislative action.

The appellant urges several other points which it contends would necessitate the conclusion that the lower court erred in its conclusion that the amendment in question should be given retroactive effect: Being clear to the conclusion that the principles above discussed are in themselves sufficient to compel the conclusion that the lower court has misapplied the governing law to the undisputed facts, we reserve consideration of these additional points.

The cause having been submitted on agreed facts, and our conclusion being that the lower court has erroneously applied the governing legal principles to these undisputed facts, this cause is due to be reversed and an order of rendition entered.

Reversed and rendered.