226 So.2d 157

**M. H. ROWELL**

v.

**Woodrow DOSS.**

**6 Div. 532.**

Supreme Court of Alabama.

April 17, 1969.

Rehearing Denied July 31, 1969.

Bankhead, Petree & Savage, Jasper, for appellant.

John Self, Hamilton, for appellee.

PER CURIAM:

This is a review by certiorari of a judgment of the Circuit Court of Marion Coun-ty awarding workman's compensation to Woodrow Doss.

The petitioner is M. H. Rowell, by whom Doss was employed.

After hearing the testimony, and on October 21, 1967, after stating his finding of fact, the trial judge found that the plaintiff was totally disabled for a total of 142 weeks from the date of his injury on January 28, 1965. An additional finding was made awarding the plaintiff compensation for 258 weeks representing plaintiff's permanent, partial disability of 90%. The defendant has paid for and on behalf of plaintiff medical expense in excess of that required by law.

The petitioner finds no fault with the statement of facts of the court, but seeks a review of the judgment of the court in awarding to the plaintiff for a permanent, partial disability of 90%, compensation for a total of 258 weeks; the petitioner contending that the applicable law would give him at most a total of 300 weeks. That with the 142 weeks of compensation awarded up to the time of the judgment would only allow an additional award of at most 158 weeks.

It is, therefore, necessary that we set out only the findings of the court in this connection:

"IT IS, THEREFORE, ORDERED AND ADJUDGED BY THE COURT as follows:

"1. That the Plaintiff have and recover of the Defendant compensation for total disability as a result of accidental injuries received on January 28, 1965, to October 21, 1967, 142 weeks at the rate of $38.00 a week, calculated at 65 percent of the average weekly earnings of $71.00, being $5,396.00 less amount previously paid of $4,636.00, the balance net owing being $760.00.

"2. That the Plaintiff further have and recover of the Defendant compensation at the rate of $38.00 a week for the

remaining maximum period of time, viz, 258 weeks, for permanent partial disability of 90 percent, calculated at the rate of 65 percent of 90 percent of $71.00 average weekly earnings.

"3. That the Defendant pay the costs herein to be taxed, for which in the aforesaid judgment let execution issue. That the fee for Plaintiff's attorney is fixed at 15 percent of the amount of this judgment, viz, $1,584.00.

"Dated this October 21, 1967.

"/s/ Bob Moore, Jr.

Judge"

There are eight separate assignments of error which relate to the judgment of the court in making the award for a total of 400 weeks, rather than as contended by the petitioner that the total weeks allowable under the applicable law would be 300 weeks.

This is the one question presented for decision in this proceeding.

It should be noted that the trial judge did not find that the plaintiff sustained any injury compensable under the provisions of Title 26, § 279(C) 1. The court did find that the plaintiff sustained injuries to his feet and some injury to his knee, hip and lumbar area of the back. That because of these injuries, together with a development in the injured areas of rheumatoid arthritis, causing permanent pain, etc., plaintiff "cannot perform the same type of work that he was doing for a livelihood * * * and that he has been totally disabled to the date hereof and will be 90 percent permanently disabled in the future."

In Goodyear Tire & Rubber Co. of Alabama v. Downey, 266 Ala. 344, 96 So.2d 278, it was held that compensation to which a plaintiff is entitled for injuries of this nature would be controlled by § 279(C) 6, Title 26, Code of 1940. There, the case presented an injury to the employee with a fracture of the right leg and with a partial disability for loss of the use of his right foot. With the finding there by the court, the employee had " '* * * suffered and sustained a permanent decrease in his earnings capacity to the extent of 35%; or in his partially disabled condition he is able to earn 65% of his average weekly earnings at the time of said accident.' " (266 Ala. at 347, 96 So.2d at 280) An award based upon the findings of the court and controlled by § 279(C) 6, supra, was upheld.

■ The appellee, plaintiff below, contends that Title 26, § 289, as amended, "Limitation on compensation," is the proper basis for the court to follow in awarding compensation in this case rather than § 279(C) 7. While there is a reference in § 279(C) 6 to § 289, it is also true that this section is included in a number of other subdivisions of § 279 to expressly provide and limit all awards to minimum and maximum compensation therein provided.

The limitation of § 279(C) 7 provides a maximum period of 300 weeks for injuries and awards made under 279(C) 6.

The appellee cites no case in brief to support his contentions. We cannot agree with his approach and interpretation of the applicable statute. We feel that the judgment entered by the trial court misapplies the applicable law, that the judgment is erroneous, and the amount of compensation awarded is excessive by 100 weeks.

■ This error in computing the award should not, in our opinion, work a reversal of the cause. In fact, the original petition recites. " * * * The judgment of the Court can be corrected by awarding the plaintiff 142 weeks of compensation at the rate of $38.00 per week covering the time that he was totally disabled and awarding the plaintiff additional compensation of $38.00 per week for an additional period of 158 weeks for his partial disability of 90%." We agree with this suggestion. Wilson & Co. v. Curry, 259 Ala. 685, 68 So.2d 548.

Accordingly, the judgment is modified to reflect a reduction in the number of weeks

for permanent, partial disability by 100 weeks. This would make the total sum due the plaintiff to be $6,004.00. It would also be proper and it is so ordered that the award of the attorney's fee be reduced accordingly; namely, by the sum of $570.00, and the total fee reduced to $1,014.00.

The judgment of the trial court as so modified is affirmed. Costs are taxed one-half against appellant and one-half against appellee.

This opinion was prepared by J. EDGAR BOWRON, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON, HARWOOD, and BLOODWORTH, JJ., concur.