261 So.2d 899

**M. R. THOMASON AND ASSOCIATES,**
**Inc., a Corporation,**

**v.**

**Herman JONES.**

**6 Div. 125.**

Court of Civil Appeals of Alabama.

May 1, 1972.

68

---

Robert G. Tate, Birmingham, for petitioner.

Zeanah, Donald & Lee, Wilbor J. Hust, Jr., Tuscaloosa, for respondent.

BRADLEY, Judge.

This is a workmen's compensation case, and the review here is by certiorari.

The respondent here, Herman Jones—hereinafter referred to as Jones—filed a complaint against the petitioner here, M. R. Thomason and Associates, Inc.—hereinafter referred to as Thomason—in the Circuit Court of Jefferson County, Bessemer Division, alleging that while acting within the scope of his employment with Thomason he was injured in a bulldozer accident and as a proximate result of that accident he was totally disabled.

Thomason answered by admitting that both parties were subject to the Alabama Workmen's Compensation Laws so far as they applied to the payments and benefits claimed by Jones and that Thomason had paid Jones medical benefits in the amount of $220.13 and compensation benefits for temporary total disability in the amount of $1,363.00.

Trial was had before the court sitting without a jury on March 15, 1971, and on April 21, 1971 the court rendered its judgment in favor of Jones.

Within the time allowed Thomason filed a motion for new trial, and it was subsequently overruled.

Thomason then petitioned this court for the issuance of the Writ of Certiorari to review the trial court's judgment and said Writ was issued.

There were eighteen assignments of error filed with the record, all but one of which attacked the final judgment; the one remaining assignment contended that the trial court erred in overruling the motion for new trial. This assignment, along with assignments 2, 3, 4, 6 and 7, was not argued in brief, and all are considered waived. Rule 9, Supreme Court Rules.

The evidence shows and the trial court so found that Jones was 57 years old, had an eleventh grade education, was unmarried with no dependent children, had been employed in the construction field as a heavy equipment operator for 34 years, that he had been working as a bulldozer operator for Thomason for about four months prior to the accident, that on Sep-

tember 13, 1969, while operating a bulldozer for Thomason on a highway construction project in Jefferson County, said bulldozer overturned and threw Jones to the ground causing the following injury: "An avulsion fracture of the rotator cuff of the right humerus or shoulder in the area of the greater tuberosity," that Thomason had prompt notice of the accident and sent Jones to a doctor for treatment, that Jones suffered a permanent, partial disability to the entire right upper extremity including the shoulder, shoulder girdle, arm, hand, clavicle and shoulder blade as a result of said injury, that said disability resulted in a 60% loss of earning capacity, that at the time of said injury Jones' average weekly earnings were $154.79 per week and just before the trial, Jones was earning $1.00 an hour working at a service station.

The trial court concluded in its judgment that Jones was entitled to receive benefits under Title 26, Section 279(C) 6, Code of Alabama 1940, as Recompiled 1958, rather than subsection 1 of said section; that Jones had sustained a 60% decrease in his earning capacity and his average weekly earnings now do not exceed $61.92; that Jones is entitled to 55% of the difference between his average weekly earnings before the accident and what he is earning in his disabled condition, the amount being $51.08; that Jones is entitled to compensation at the rate of $47 per week from November 20, 1969 until July 1, 1970 and $50 a week thereafter for a total of 300 weeks, less the number of weeks previously paid to Jones.

In its assignment of error number five Thomason contends that the trial court's judgment does not contain a sufficient findings of fact and conclusions of law as required by Title 26, Section 304, Code of Alabama 1940, as Recompiled 1958, and cites us to the case of Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345.

Title 26, Section 304, supra, provides in part as follows:

". . . At the hearing or any adjournment thereof, the court shall hear such

witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, decide the controversy.

This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge."

In the *Bryant* case, supra, the Supreme Court held that there must be a finding of fact and conclusion of law and that the findings must be sufficient enough to sustain the court's judgment.

The Supreme Court has also decided that if the findings and conclusions are merely meager or omissive, the court will not reverse the case but will look to the evidence to see if the judgment is sustained. Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664.

In the instant case we consider the findings of fact to be supported by the evidence adduced at the trial and that the trial court's judgment is sustained by the evidence.

In assignments of error eleven and eighteen, Thomason says that the trial court erred in concluding that Jones' injury resulted in permanent partial disability to his entire right upper extremity including the shoulder, shoulder girdle, shoulder blade, clavicle, arm and hand, and that he be paid for this disability pursuant to the provisions of Title 26, Section 279(C) 6 rather than under the provisions of Section 279(C) 1.

Title 26, Section 279(C) 1 and 6, supra, provide as follows:

"(C) 1. Permanent Partial Disability. For permanent partial disability the compensation shall be based upon the extent of such disability. In cases included in the following schedule the compensation shall be fifty-five percent of the average weekly earnings, during the number of weeks set out in the following schedule:

\* \* \* \* \* \*

"For the loss of an arm, two hundred twenty-two weeks.

\* \* \* \* \* \*

"6. All other permanent partial. In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum weekly compensation as stated in section 289 of this title."

The benefits that would accrue under paragraph 1 are smaller than would accrue under paragraph 6 for the reason that paragraph 1 does not cover the loss of the use of the shoulder and the court found there had been loss of the use of the shoulder as well as the arm.

The trial court, in its opinion, relied on the decision of this court in McCarty v. Campbell Plumbing Co., 45 Ala.App. 617, 234 So.2d 895, wherein we determined that the shoulder is not part of the arm and where the injury is to the shoulder it is not proper to base the award on the proportionate loss to the use of the arm.

The attending physician stated that the disability applied to the entire right upper extremity including the shoulder.

Jones testified that it felt like an ant stinging him in the shoulder, and when he overused his shoulder and arm it hurt and would start swelling and go numb, and then his hand and fingers would start throbbing and aching.

We believe that the trial court's findings are sufficiently supported by the evidence, and its conclusions are firmly

backed by the case law. See McCarty v. Campbell Plumbing Co., supra.

In assignments of error eight, nine and ten, Thomason argues that the trial court erred in finding that Jones had sustained a 60% loss of earning capacity.

Thomason says that there is no evidence to support such a finding, and points out that the doctor's testimony reflected only a 15% disability.

Jones counters this argument by saying that it is not required that there be testimony that there was a 60% disability or any other percentage to support a finding by the court of a disability of 60%.

The Supreme Court said in Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331, and repeated in Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, that:

"There is no testimony using the words that plaintiff is partially permanently disabled, or that the extent of the permanent disability is sixty per cent, or any other number of per cent, of plaintiff's whole body. We do not think, however, that the law demands testimony, expert or otherwise, in the words 'sixty per cent permanent partial disability,' or any other number of per cent, in order to sustain a finding that plaintiff had a permanent partial disability amounting to sixty per cent of his body as a whole."

Then this court, in Aluminum Workers International v. Champion, 45 Ala.App. 570, 233 So.2d 511, held:

"As in every workmen's compensation case coming for review before an appellate court, we must begin our consideration with the following well settled rules in mind. We will not review the weight or preponderance of the evidence. [Citations omitted.] When there is any legal evidence, or reasonable inference therefrom, to support the findings of fact by the trial court, such findings are conclusive and will not be disturbed on appeal."

We are of the firm belief that the evidence supports the trial court's finding that Jones' disability amounted to 60%.

In its assignments of error twelve, thirteen, fourteen, fifteen, sixteen and seventeen, Thomason questions the amount of compensation awarded to Jones by the court's judgment. Thomason argues that the court erroneously gave retroactive effect to Title 26, Section 289 as amended by Act No. 233, Acts of Alabama 1969, p. 557. Section 289, as amended, is as follows:

"In no case hereunder, except as otherwise provided herein, shall the compensation paid hereunder be more than forty-seven dollars per week nor less than fifteen dollars per week, and in no case shall the total amount exceed $18,800; provided, however, that effective July 1, 1970, in no case hereunder, except as otherwise provided herein, shall the compensation paid hereunder be more than fifty dollars per week nor less than fifteen dollars per week, and in no case shall the total amount exceed $20,000."

Prior to Act No. 233, supra, Section 289 provided that the maximum amount of compensation per week that could be paid was $47 with a total limit of $18,800; but after the passage of Act No. 233, supra, which was to be effective on July 1, 1970, the maximum amount of compensation that could be awarded was $50 per week with a total amount of $20,000.

Thomason says that since the accident for which Jones is seeking compensation occurred prior to the adoption of Act No. 233, supra, said Act should not have been given effect by the court in this case. In other words, Thomason is saying that compensation should be awarded on the basis of the law in effect on the day the cause of action occurred.

We have been cited to no Alabama Workmen's Compensation case nor have we found one raising this particular point. However, we did find two cases decided by the Supreme Judicial Court of Maine involving the point now before us.

The Maine Supreme Court, in Reggep v. Lumber Shoe Products Co., 241 A.2d 802, and Gauthier v. Penobscot Chemical Fiber Co., 120 Me. 73, 113 A. 28, held that a claimant's right to compensation became vested on the day of the injury and his compensation could not be enlarged or reduced by legislation enacted subsequent to the date of said injury.

In the case now before us the trial court adjudged that Jones was entitled to receive $47 a week from the date of his injury to July 1, 1970, the effective date of Act No. 233, supra, and thereafter he was to receive $50 a week for the required number of weeks.

We have concluded that the trial court's application of the provisions of Section 289 as amended by Act No. 233, which had the effect of enlarging the amount of compensation to be received by Jones after the injury had occurred and the cause of action had accrued due solely to a change in the applicable law, was contrary to the accepted rules of statutory construction.

Our Supreme Court has consistently held that statutes are to be considered prospective unless it clearly appears from the statute itself that the intent of the Legislature was to make it retrospective also. Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485; McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561; and Alabama Power Co. v. Director of Industrial Relations, 36 Ala.App. 218, 54 So.2d 786.

After a careful examination of the provisions of Act No. 233, supra, we are not persuaded that the Legislature intended to give retrospective effect to said Act. Consequently, it is our conclusion that said Act is to have prospective effect only, and the judgment of the trial court in awarding compensation to Jones in accordance with its provisions, was in error. However, we do not think this error should cause a reversal of this case, Rowell v. Doss, 284 Ala. 500, 226 So.2d 157; but we do conclude that the judgment of the trial court should be modified to reflect that

Jones is entitled to compensation at the rate of $47.00 per week for 300 weeks less the number of weeks previously paid to him. Any reference in the trial court's judgment to $50 per week as compensation for Jones will be deleted and replaced by the figure of $47.00 per week.

The judgment of the trial court as so modified is affirmed.

Modified and affirmed.