WRIGHT, Presiding Judge.
The Department of Industrial Relations appeals from a judgment of the circuit court interpreting portions of Title 26, Sec. 204, Code of Alabama (1940) concerning crediting an employer’s benefit wage charges for rehiring previously laid-off employees.
On December 10, 1973, McElrath closed its plant in Marshall County, Alabama for renovation to comply with U. S. Department of Agriculture standards. McElrath notified the Alabama Department of Industrial Relations, Unemployment Compensation Division (hereinafter called the Department) of its closing and mass layoff of over 200 employees. The Department, sent several of its employees from its Gadsden office to McElrath’s plant to take applications for unemployment benefits during the layoff.
*254 McElrath’s employee inquired of Department’s employees about obtaining credit on its benefit wage charges when it completed renovation and rehired its employees. Department employee informed McElrath’s employee that such credit could be obtained under the law; that when the Department was notified of such rehiring, assistance could be provided by the Department in completing forms for credit.
On January 14, 1974, McElrath reopened its plant and recalled all of its employees. The same day, McElrath notified the Gadsden office of the Department by phone of the recall of its employees. McElrath took no further action to secure credit for rehiring its employees. On April 25,1975, McEl-rath was given notice of its benefit wage percentage for the year of April 1, 1974-March 31, 1975, and its contribution rate to the unemployment fund for the new year beginning April 1, 1975 and ending March 31, 1976. The new rate for McElrath was 2.7%, the maximum then permitted by law.
Upon receipt of the notice, McElrath requested explanation of the cause of the new rate. Department advised that it was due to the failure of McElrath to properly and timely apply for and receive credit for rehiring of its laid-off employees, as directed by statute. McElrath requested revision of its benefit wage charge through credit for rehire. The Department refused to revise saying it was bound by the time limits set out in the statute. McElrath appealed to the circuit court as permitted by Title 26, See. 204 H, Code. The court reversed and rendered judgment finding that the requirements of the statute as to filing for rehire credit were directory and not mandatory.
The provisions of Title 26, Sec. 204 C(3) are primarily involved in the matter for consideration. Those provisions read as follows:
“(3) Notwithstanding any inconsistent provisions of this chapter, if after the last day of any claimant’s benefit year but within the forty-five (45) days next following thereafter or within forty-five (45) days next following notice to the employer of benefit wage charges made as a consequence of such claimant’s receipt of benefits, whichever is the later, an employer for whom benefit wage charges were made as a consequence of such claimant’s receipt of benefits alleges that he had reemployed such claimant within the claimant’s benefit year, and the director finds that such employee received in benefits a total amount aggregating not more than twenty-five (25) percent of the maximum benefit payments to which he was entitled within such benefit year, because of such reemployment, the employer’s benefit wage record shall be credited with seventy-five (75) percent of the benefit wages previously charged against him relating to such claimant’s previous employment; . . Provided, however, that such credits shall be made for the calendar year and the calendar quarter in which the finding is made by the director and no attempt shall be made to relate such credits to the period in which the rehire occurred; ‘reemployment’ meaning performing services for remuneration.”
It will be noted that there is provided a period of 45 days for claiming credit for rehiring an employee who has qualified for and been paid benefits. The credit may be obtained when the employer “alleges” that he had reemployed a claimant within his benefit year. The employer may so “allege” within 45 days next following the occurrence of two events, whichever is later. The events are “the last day of any claimant’s benefit year” or “notice to the employer of benefit wage charges made as a consequence of such claimant's receipt of benefits.”
It may be noted here that the need for an employer to “allege” rehire for credit is ordinarily a continuing and constant responsibility as to each employee who may have received benefits and been reemployed. It is the unusual when an employer has a mass layoff and mass rehiring such as McElrath. An employee may be laid off or let go permanently because of lack of need or because of business fiscal requirements, *255 or he may be laid off temporarily for a few weeks or months because of seasonal slowdowns in sales or a shortage of materials. It is necessary for an employer to keep a close watch of his employment records to notify the Department when a temporarily laid-off employee has returned to his job and thus claim credit for rehiring.
The rehire credit realized by the employer may not be significant where there are few individual layoffs and rehirings; however, obtaining credit or not for the rehiring of a whole work force will very significantly affect the employer’s contribution rate. Unless the credit is claimed, properly determined and credited, the employer will be charged benefit wages for the rehired employee for the full benefit year. Such a charge, when multiplied by all employees will seriously affect the employer’s benefit wage percentage, and will in turn adversely affect his contribution rate to the fund.
It is unnecessary to a decision upon the issues presented by this appeal to consider all the intricacies and complexities of the Unemployment Compensation Law. However, it is clear that the legislature intended to encourage employers to limit the drain upon the fund by rehiring laid-off employees at the earliest feasible time. To do so helps the fund, the employee and, through credit given, the employer.
The legislature, though offering credit, required the employer to initiate action to receive it. Such action was required to be taken within a specified time after the occurrence of a designated event. The action required was to “allege” that a claimant of benefits had been returned to his employment. The legislature did not define its meaning of “allege” nor the form or method of alleging the re-employment of a claimant.
The Director of the Department had not formally promulgated rules for making the required allegation, though the Department had originated a form which was furnished an employer subsequent to the allegation. That form was designated form UC-213. Informal instructions as to how to comply with the unemployment compensation statutes were prepared in booklet form by the Department and distributed to all employers when they became employers.
McElrath did not file any written allegations after January 14, 1974, that its plant had reopened and its employees had returned to work upon completion of renovation. On May 10, 1974, the Department form UC-212 was sent to McElrath. UC-212 is the form which is forwarded by the Department to an employer at the end of each calendar quarter giving notice of benefit wage charges placed against its account in that quarter. Forty-five days after receipt of UC-212, the employer may “allege” to the Department that a claimant shown thereon has been rehired, or the employer may wait until the end of the claimant’s benefit year, if later, and then within 45 days “allege” that such claimant was rehired within that benefit year. If rehiring is “alleged” in either instance, the Department will forward to the employer a form UC-213 for completion. The matters to be submitted on that form provide the information needed by the Director of the Department to determine the credit for rehiring which the employer is entitled to receive. Such credit is applied by the Department to the benefit wage charges previously assessed to the employer’s account. The resulting reduction of the employer’s benefit wage charges favorably affects the calculation of its benefit wage percentage and contribution rate into the fund.
Because in this case McElrath failed to “allege” in writing that it had rehired its employees at any time prior to the determination of its annual benefit wage percentage and contribution rate, the Department refused to review such determination and grant credit for rehire. The Department took the position that unless written allegations as to rehiring were submitted within the time stated by the statute, credit for such rehire was irrevocably lost and the employer must suffer the consequences.
Upon review by trial de novo, the circuit court reversed the Department holding that the requirement of the statute (Sec. 204 C(3)) prior to October 6, 1975, that the *256 employer give notice of rehiring employees by filing form UC-213 was not mandatory but merely directory.
It appears that the finding of the court did not specifically meet the issues presented to it in the trial. The issue presented was whether the statute required an employer to “allege” in writing within the limitations of time provided that a claimant had been rehired in order for the Director of the Department to determine and grant credit for such rehiring.
In order to decide that issue, it was necessary to construe the statute according to its language and the intent of the legislature, and apply that construction to the facts in the case.
It is our opinion that the direction of the statute that the employer “allege” reemployment of a claimant required only reasonable notice upon which the Department could act. We construe the statute to require reasonable notice prior to the expiration of the time set out therein. Such notice need not necessarily be written. What constitutes reasonable notice is to be determined by the facts and circumstances of the case.
The circumstances of this case are measurably different from the ordinary and usual case. There is a distinct difference between the singular layoff and subsequent recall and the mass layoff and recall of an entire work force of an employer. The evidence here is undisputed that the Department knew of the closing of McElrath’s plant and that it was temporary. The Department sent its employees to McElrath’s plant to aid in filing for and prompt receipt of benefits during the layoff. It is undisputed that McElrath, at the time of filing for benefits, inquired of Department’s employee how to receive rehire credit when it called its employees back to work. McEl-rath was informed that such credit could be given and that the same Department employee would provide forms and assist in filling them out if requested. It is further undisputed that McElrath called the Department employee on the day of its reopening and informed her that all employees were back at work. We do not consider significant the filing of the notice of reemployment prematurely. The time designated in the statute is one of limitation.
The unemployment compensation statute is a taxing statute and as all taxing statutes, it is to be strictly construed against the taxing authority. Broadway v. Alabama Dry Dock & Shipbuilding Co., 246 Ala. 201, 20 So.2d 41. The term “alleges” in the statute has an uncertain and indefinite meaning. Rules of statutory construction require the courts to give it liberal interpretation to serve the purpose and intent of the legislature • and avoid injustice. AgeHerald Pub. Co. v. Huddleston, 207 Ala. 40, 92 So. 193.
The Department had full knowledge of the temporary closing of the plant of McEl-rath and its purpose. The Department knew that all employees were to receive benefits for only a short time before being recalled to their jobs. The Department was given notice by phone when the plant reopened and its employees were recalled. That information was sufficient for the Department to take action to send out its form UC-213. It may be noted that the form UC-213 is sent out from and returned to the local office of the Department from which benefits are paid. The phone call had no purpose other than to inform the Department of rehiring so that credit could be obtained.
Department has admitted that it would have considered merely a letter as sufficient “allegation” under the statute and would have responded by forwarding the form UC-213 to McElrath for completion. By such admission the Department refutes its insistence that formality of allegation and timeliness of filing form UC-213 are matters of legal essence under the statute.
It is a matter of evidence that the statute was amended by the legislature effective October 6, 1975, changing the requirement of “alleges” to that of “files a written notice in such manner as the director shall prescribe. . . . ” Such amendment appears to remove uncertainty and make definite the obligation of the employer.
*257 It is the opinion of this court, under the facts of this case, that the notice by McElrath to the Department was an allegation within the intent of the statute and was a sufficiently reasonable notice to the Department that all of its employees were re-employed on January 14, 1974, according to the plan made known to the Department on December 9,1973. With such notice, the Department could determine credit or could have requested sufficient additional information to do so.
It is the further opinion of this court that a review of che action of the director in refusing to grant rehire credit was available to McElrath under Title 26, Sec. 204 H. The granting or refusal of rehire credit has a significant influence upon the determination of the employer’s benefit wage percentage. Sec. 204 H permits a trial de novo with respect to determination of the benefit wage percentage. That contemplates that the rate will be determined anew on evidence adduced by the parties, without any presumption in favor of the director’s decision or previous fixation. Broadway v. Alabama Dry Dock & Shipbuilding Co., supra.
We therefore conclude that the judgment of the trial court is correct in result and we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.