BRADLEY, Judge.
This is an unemployment compensation tax rate case, arising out of the retroactive application of Act 83-155, Acts of Alabama, Second Special Session 1983 (Act 83-155).
On February 24, 1983 Act 83-155, which amended several sections of the Alabama Unemployment Compensation Law, was signed into law. In pertinent part, Act 83-155 provided in its title that the amount of “taxable wage base” would be increased retroactively to January 1, 1983 from $7,000 to $8,000.
In calculating employer tax rates for the first quarter of 1983, the Alabama Department of Industrial Relations (Department) used $8,000 as the maximum amount in assessing benefit wage charges to employers. The Department used the $8,000 maximum assessment cap, based on the provisions of Act 83-155. Subsequently, because these charges resulted in an increase in respective employer tax rates, several affected employers sought review of the Department’s determination.
On appeal to the circuit court from the Department’s decision upholding the charges, the appeals of the employer-taxpayers were consolidated and tried de novo with respect to the benefit wage percentage and resulting employer’s tax at a “contribution rate” as determined by the Department based on a retroactive application of Act 83-155. This appeal is from the final judgment of the circuit court, which upheld the determination by the Department, retroactively increasing the benefit wage charges made against each of the employer-taxpayers.
To assist one in appreciating the issues involved in this case, it is necessary to set forth an understanding of the unemployment compensation program with specific regard to benefit wage taxation.
Generally, the unemployment compensation program with regard to benefit wage taxation operates as follows. When an employee covered under our unemployment compensation law becomes unemployed, he may file a claim for unemployment compensation benefits. After the employee receives his third unemployment check (if filing his claim prior to October 1, 1983), wages paid to him during his base period (first four of the last five completed calendar quarters) become employee benefit wages. See, § 25-4-54(b)(l), Code 1975. However, an employee’s benefit wages from any one employer may not exceed the amount defined as “wages” in section 25-4-16. In other words, wages paid to an employee during his base period which exceed “wages” as defined in section 25-4-16 shall not be deemed employee benefit wages.
At the end of each calendar quarter, the director of the Department shall send to each employer a statement of each employee’s benefit wages in that calendar quarter. In essence, employee benefit wages are then reduced to employer benefit wages. See, § 25-4-54(c)(4), Code 1975. Thus, an employer’s benefit wages become equal to the total of all of his employees’ benefit wages. The total of employer benefit wages is then used to compute the employer benefit wage percentage. See, § 25-4-54(d), Code 1975. This percentage is then applied to a statutory formula contained in section 25-4-54(f) to determine the contribution tax rate of each employer.
The dispositive issue raised on appeal concerns the authority of the Department to retroactively increase employer-taxpayer’s tax rate for the first quarter of 1983, absent clear authority for such change in the title or body of the act.
*680 Employer-taxpayers argue that the term “taxable wage base,” as used in the title of Act 83-155, is not the same as, nor does it encompass, the term “benefit wages,” which is used to calculate an employer’s tax rate. Thus, they argue that the act is unconstitutional because it fails to apprise the affected public that “benefit wages,” upon which the employer’s tax contribution rate is computed, would be retroactive as required by Article 4, section 45, Alabama Constitution 1901. They also contend that the term “taxable wages” relates solely to the base upon which taxes are imposed, while the term “benefit wages” affects only the computation of the tax rate to be applied to the tax base. Additionally, they state that “wages” and “taxable wage base” are calculated on a calender year basis, while “benefit wages” for both employee and employer are calculated commencing with the third unemployment benefit payment, which may occur at any time during the year. In essence, they argue that their charges between January 1,1983 and February 25, 1983 were at a vested rate of $7,000.
The Department contends that because “wages” in section 25-4-16 were increased retroactively to January 1, 1983, Act 83-155 automatically and without requirement for specific amendment to section 25-4-54, dealing with employer wage benefit and contribution computation, increased the amount of employee and employer benefit wages on the same basis. They further state, relying on the historical background of the statute itself, that the reference to section 25-4-16 in section 25-4-54(b)(5), dealing with the computation of employer’s tax contribution rate, constitutes a cross reference which creates a dependent interrelationship between the two sections. In other words, a legislative change in the amount of wages in section 25-4-16 automatically triggered the appropriate computation of employer benefit wages and the employer’s tax contribution rate required by section 25-4-54(b)(5).
As noted previously, the act provided in its title that “taxable wage base” would be increased retroactively to January 1, 1983 from $7,000 to $8,000, and in its body amended retroactively to January 1, 1983 the definition of “wages,” section 25-4-16, Code 1975, to effect this increase. There was no mention in the act, in the title or in any amendment or in any change in the body, of “benefit wages” or “maximum benefit wage charge” in section 25-4-54. Furthermore, the term “taxable wage base” does not appear anywhere in the act or Unemployment Compensation Law.
Article 4, section 45, Alabama Constitution 1901, provides, inter alia: “Each law shall contain but one subject, which shall be clearly expressed in its title.” This requirement has come to be known as the “clear expression” test and its purpose is to assure that the legislators and the public are informed of the contents of the bill. If the title of the act is so misleading and uncertain that the average legislator or affected person reading the same would not be informed of its purpose, then the act has fallen below constitutional requirements and is insufficient. Smith v. Industrial Development Board, 455 So.2d 839 (Ala.1984).
The title of the act, however, need not be an index of all of the provisions contained therein. Lane v. Gurley Oil Co., 341 So.2d 712 (Ala.1977). Our research indicates that section 45 of the 1901 constitution has always been given liberal construction. It has often been held that the title of a bill may be very general and need not specify every clause in the statute. It has also been stated that an act is sufficient if all clauses are referable to the subject expressed, and when the subject is expressed in general terms, everything which results as a complement of the thought contained in the general expression is included in and authorized by it. Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973), cert. denied, 414 U.S. 1118, 94 S.Ct. 855, 38 L.Ed.2d 747 (1974), (iquoting Ballentyne v. Wickersham, 75 Ala. 533 (1883)).
We concede that “[t]he unemployment compensation statute is a taxing statute and as all taxing statutes, it is to be strictly *681 construed against the taxing authority.” State Department of Industrial Relations v. McElrath Farms, Inc., 348 So.2d 252 (Ala.Civ.App.1976), rev’d on other grounds, 348 So.2d 257 (Ala.1977), (citing, Broadway v. Alabama Dry Dock & Shipbuilding Co., 246 Ala. 201, 20 So.2d 41 (1944)). However, the unemployment compensation statute is remedial in nature by definition and should receive a liberal interpretation to best serve the purpose and intent of the legislature to avoid injustice. Morgan County Board of Education v. Alabama Public School & College Authority, 362 So.2d 850 (Ala.1978). Furthermore, a liberal construction of the unemployment compensation law is always preferred because the law itself specifically provides that there shall be no vested right of any kind against any subsequent amendment or repeal. Alabama Power Co. v. Director of Industrial Relations, 36 Ala. App. 218, 54 So.2d 786, cert. denied, 256 Ala. 382, 54 So.2d 789 (1951).
Prior to 1969 section 25-4-16 and section 25-4-54(b)(5) contained the same dollar figure. From 1951 to 1969 section 25-4-54(b)(5) was amended only as section 25-4-16 was amended, so that each section would reflect the same dollar figure.
After 1969 the definition of wages was amended in section 25-4-16 with no comparable amendment to section 25-4-54(b), since it continued to relate back to section 25-4-16 to determine the maximum amount to be charged as employer benefit wages. In 1971 section 25-4-16 was again amended to reflect an increased amount and, again, section 25-4-54(b)(5) remained unchanged. It should be noted that the title of this bill did contain the term “tax base,” but that it was adjoined in the caption by the term “tax rates.” The Alabama Unemployment Compensation Law was again amended in 1978 to increase the amount of the definition of wages in section 25-4-16. Likewise, there was no change in section 25-4-54(b)(5). However, the title of this bill, like the one in question, also contained the term “taxable wage base.”
Based on our review of the record and the various legislative acts, we are convinced that while the term “taxable wage base” has never been specifically defined by statute its usage by those who administer and by those who are subject to the unemployment compensation law has been consistent throughout the history of our unemployment compensation acts. We conclude, as did the trial court, that the use of the term “taxable wage base” in Act 83-155, as in the prior act, had reference to the amount of wages set out in section 25-4-16 and upon which the employer’s benefit wages are computed. Thus, “taxable wage base” ultimately acts as the basis for the employer’s tax contribution rate computation, as provided in section 25-4-54(b)(5).
Based on the above, we do not find the use of the term “taxable wage base” in the title of Act 83-155 to be a violation of section 45 of the Alabama Constitution.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.