355 So.2d 712 (1978)
BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, etc., et al.
v.
Shelia CAVER and Rose Ann Caver.
SC 2797.
Supreme Court of Alabama.
February 10, 1978.
Leon G. Duke, Mobile, for appellants.
Joseph J. Boswell, Mobile, for appellees.
William H. McDermott, of McDermott, Slepian, Windom & Reed, Mobile, for the City of Chickasaw, amicus curiae.
BLOODWORTH, Justice.
This is an appeal by permission under Rule 5, A.R.A.P., by defendant Board of School Commissioners of Mobile County, Alabama, from an interlocutory judgment holding that the Board is not immune from suit for the negligence of its agents. We affirm.
Plaintiff, Caver, a student who was allegedly injured by a Mobile County School Board bus while she was standing in the school yard, brought suit for negligence, and the Board moved to dismiss her complaint because of sovereign immunity. The trial judge denied that motion. Later, the Board filed a motion to reconsider, which was denied, and the trial judge entered an interlocutory order, holding that the Board was not immune from suit in tort. This appeal is from that order.
Defendant, Board, contends that the issue of sovereign immunity was decided in its favor in Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976), which held in a plurality decision, (based upon an interpretation of Tit. 52, § 99, Code of Alabama 1940) that a school board is immune from suit in tort.
Although at first blush, the Board's argument seems an appealing one, for Sims appears to foreclose further inquiry into this question, a close reading of Sims and an examination of Act No. 480, Acts of Alabama, Regular Session 1969, as well as § 270 of the Constitution of 1901, convinces us that the Mobile County School Board is amenable to suit in tort.
Mr. Justice Stakely, in Morgan v. Board of School Commissioners of Mobile County, 248 Ala. 22, 26 So.2d 108 (1946), gave the history of the Mobile County Board of School Commissioners. In that opinion, he pointed out that the Mobile County School Board has been exempted, in large part, from the general scheme of public school legislation ever since 1854 when the State of Alabama set up its first comprehensive school system.
*713 That legislative policy, which is based upon the fact that Mobile County established its school system before the State did so, continues to this date, as evidenced by Section 270 of Article XIV of the Alabama Constitution.
Section 270 (in the Article on Education), as amended by Amendment 111, provides:
"The provisions of this article and of any act of the legislature passed in pursuance thereof for educational purposes, shall apply to Mobile county only so far as to authorize and require the authorities designated by law to draw the portions of the funds to which said county shall be entitled for school purposes and to make reports to the superintendent of education as may be prescribed by law; and all special incomes and powers of taxation as now authorized by law for the benefit of public schools in said county shall remain undisturbed until otherwise provided by the legislature."
This section makes it crystal clear that the Mobile County School Board is a somewhat autonomous county school board which is not subject to all general legislation concerning "educational purposes." In fact, the legislature has two specific restrictions on what sort of legislation it may pass. These restrictions are as follows:
"`(1) A restriction that the legislature may not apply to Mobile County any general public school legislation on the subjects embraced in Article XIV of the Constitution of 1901, except so far as it provides for Mobile County to get its share of the general public school funds, and to require the local school authorities to make such reports to the superintendent of education as may be prescribed by law.
"(2) A restriction that any special income and power of taxation as authorized by law for the benefit of the public schools of Mobile County at the time of the adoption of the constitution shall not be disturbed until otherwise provided by the legislature.' (248 Ala. at 26, 26 So.2d at 111)"
Mobile, Alabama-Pensacola, Florida Building and Construction Trades Council v. Williams, 331 So.2d 647 (Ala.1976), quoting Morgan v. Board of School Commissioners of Mobile County, supra.
This limitation on legislative power is restrictive in its scope and purpose and is to be strictly construed. Mobile, Alabama-Pensacola, Florida Building and Construction Trades Council v. Williams, supra; Board of School Commissioners of Mobile County v. Hahn, 246 Ala. 662, 22 So.2d 91 (1945).
Act Number 480 (the latest amendatory act regulating the public schools in Mobile County) falls within neither one of these two exceptions. That act provides, inter alia, that, "The said Board shall be a body corporate; and may have a common seal; may sue and be sued . . ." (Emphasis supplied.) Clearly, the authority to "sue and be sued" is not one of those educational areas in which the legislature may not act concerning the Mobile County School Board.
We stressed in Sims v. Etowah County Board of Education, supra, as well as in Enterprise City Board of Education v. Miller, 348 So.2d 782 (1977), that the sovereign immunity we held was due to be accorded those boards of education flowed directly from the statutes. In both cases, the pertinent statutes stated that the county and city boards of education, respectively, "may sue." There was no corresponding provision in those statutes that the respective boards could "be sued." For that reason, we said in each case, inter alia, that the respective boards of education were immune from suit in tort.
In the case at bar, by contrast, Act Number 480 clearly states that the Mobile County School Board "may sue and be sued." We hold, therefore, as we said in Sims and Enterprise City Board, that the statute must be given effect, and, therefore, the Mobile County School Board may be sued in tort.
Defendant Board argues, however, that the phrase "sue and be sued" is not an all encompassing term, and that if the county school board may be sued, it may only be *714 sued for acts performed in its corporate or proprietary capacity as opposed to acts performed in its governmental capacity. In other words, defendant Board would have us resort to determining whether the act is governmental or corporate. As we held in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), and said in Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975), however, these distinctions are tenuous, at best, and our continued reliance upon them, in the context of sovereign immunity cases, would serve no useful purpose.
For the foregoing reasons, we hold that the trial judge's order is due to be affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, SHORES, EMBRY, and BEATTY, JJ., concur.
TORBERT, C. J., and JONES, J., concur specially.
TORBERT, Chief Justice (concurring specially):
I concur in the result reached by the majority based upon the previous decisions of this court.
We now find ourselves committed to this statutory interpretation: If the statute provides that the public body "may sue and be sued" then there is no immunity from tort liability; however, if the statute provides only that the body "may sue" then the body is immune from tort liability. I find this reasoning difficult because this court is also committed to the proposition that the right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920), limited, however, as to matters with the scope of its corporate power. Morgan et al. v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134 (1952). If this defendant is not immune from tort liability I would think the better reasoning would be that the operation of a school bus is within its corporate power, and the negligent operation thereof would give an injured party a right of action.
JONES, J., concurs.