The majority holds "that § 11-1-2 allows suits against counties, and their governing bodies — the county commissions and commissioners — in their official, but not in their individual capacity in tort irrespective of any corporate-governmental function distinction." I concur in the majority holding insofar as it applies to the counties themselves. I dissent from the opinion of the majority insofar as it applies to the county commission and commissioners in their official capacity. *Page 6 
The majority opinion places special emphasis on the words "to be sued," and holds that this Court has stated that the "to be sued" language is essential to a determination of statutory authorization of suits against governmental entities. Board ofSchool Commissioners of Mobile County v. Caver, 355 So.2d 712
(Ala. 1978); Lorence v. Hospital Board of Morgan County,294 Ala. 614, 320 So.2d 631 (1975); Jackson v. City of Florence,294 Ala. 592, 320 So.2d 68 (1975). I fail to see the magic in the term "to be sued," and I would hold as per my special concurrence in Caver, supra, that the right to sue carries with it the implied right to be sued.
 We now find ourselves committed to this statutory interpretation: If the statute provides that the public body "may sue and be sued" then there is no immunity from tort liability; however, if the statute provides only that the body "may sue" then the body is immune from tort liability. I find this reasoning difficult because this court is also committed to the proposition that the right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920) . . . .
Board of School Commissioners of Mobile County v. Caver,355 So.2d 712 at 714 (Ala. 1978) (emphasis in original).
The inherent inconsistency in the majority opinion is that, although the majority writes that the magic words "may be sued" are essential for a determination of statutory authorization of suits against a governmental entity, nowhere in the majority opinion is there reference to the statutory authorization for suits against county commissions or county commissioners in their official capacity. In Lorence v. Hospital Board of MorganCounty, 294 Ala. 614, 320 So.2d 631 (1975), this Court held that a county hospital board was not immune from suit. That decision was based in part on the fact that Code of Alabama of 1958, Tit. 22, Art. 5, § 204 (24), expressly gives the county hospital boards the powers of a corporation including the statutory authorization to "sue and be sued." In Board ofSchool Commissioners of Mobile County v. Caver, 355 So.2d 712
(Ala. 1978), this Court held the Board of School Commissioners of Mobile County is not immune from suit in tort. That decision was based on Acts of Alabama of 1969, Act 480 at § 5, where the legislature has expressly given the powers of a corporation to the school board including the statutory authorization that the school board "may sue and be sued." In Enterprise City Board ofEducation v. Miller, 348 So.2d 782 (Ala. 1977), this Court held that the Enterprise City Board of Education was immune from suit because there was no express statutory authorization for suits against the City Board of Education.
 It is quite clear that Jackson and Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975) are based upon legislative interpretation. . . .
. . . . .
 There is no mention in the statutes under which city school boards are created of the ability to be sued.
Enterprise City Board of Education v. Miller, 348 So.2d 782
(Ala. 1977).
In the instant case, the majority has simply failed to base its decision holding county commissions and commissioners subject to suit on a provision containing the words "be sued" which this Court has stated in Lorence, Sims and Caver to be essential to determination of statutory authorization of suits against the governmental entity. It is true, as the majority points out, that Code 1975, § 11-1-2, provides: "Every county is a body corporate, with the power to sue or be sued in any court of record." It is significant that § 11-1-2 makes no reference to the county commission as a legal entity capable of being sued nor to the county commissioners in their official capacity. The majority attempts to bolster its holding by citing Code 1975, §§ 23-1-80 and 11-3-10, which entrust the county commission with superintendence of public roads. Neither of these sections invests the county commission with the powers of a body corporate capable of suing and being *Page 7 
sued. Code 1975, § 11-3-11, sets forth the powers and duties of the county commission generally. A close examination of that section reveals that nowhere in that Code section is the county commission given the status of a body corporate capable of suing and being sued. Because of the internal inconsistency in the majority opinion (i.e., the lack of a statutory authorization of suits against county commissions or commissioners individually), I dissent from the majority opinion insofar as it holds that the county commissions and commissioners in their official capacities are legal entities capable of being sued.
 ON REHEARING