On Application for Rehearing
The original opinion issued on July 20, 1984, is withdrawn, and the following is substituted therefor.
The issues presented by this appeal concern the constitutionality of Act No. 83-199, amending § 11-54-80, Ala. Code 1975, known as the Cater Act. The Cater Act authorizes the incorporation of industrial development boards, and gives them the power to assume certain "projects" designated by the legislature as promotiing a public purpose. Ala. Code 1975, §11-54-81 (a). Act No. 83-199 amends the Cater Act to include in the list of projects "[a]ny commercial enterprise . . . providing hotel, motor inn services . . . including food or lodging services or both." Ala. Code 1975, § 11-54-80 (3). We are asked to determine whether Act. No. 83-199 violates § 94 of the 1901 Alabama Constitution, the due process clauses of the Federal and the 1901 Alabama Constitutions, or § 45 of the 1901 Alabama Constitution.
Section 94 of the Constitution states in full:
 "The legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or stockholder in any such corporation, association, or company, by issuing bonds or otherwise."
Appellant contends that Act No. 83-199 authorizes the expenditure of public funds for the acquisition, construction, and maintenance of a private enterprise, and is, therefore, unconstitutional under § 94.
The restriction in Section 94 applies only to a "county, city, town, or other subdivision of this state." An industrial development board is a public corporation and is a separate entity from a county, city, or town. It is not the alter ego or agent of the municipality in which it is organized. It is also not a subdivision of the state. Opinion of the Justices,254 Ala. 506, 49 So.2d 175 (1950); George A. Fuller Co. v. VulcanMaterials Co., Southeast Division, 293 Ala. 199, 301 So.2d 74
(1974). Furthermore, "Act No. 648 [the Cater Act] involves no expenditure of public money and the incurring of no liability that must or can be taken care of by taxation. Under the act, a municipality is not authorized to spend public funds." Opinionof the Justices, 254 Ala. at 510, 49 So.2d at 178.
We hold that § 94, Article IV, of the 1901 Constitution is inapplicable to Act No. 83-199, which authorizes spending by an industrial development board, not a county, city, town, or other subdivision of the state.
The legislature passed the Cater Act with the intent of
 "promot[ing] industry, develop[ing] trade and further[ing] the use of the agricultural products and natural and human resources of this state and the development and preservation of the said resources, by inducing manufacturing, industrial, commercial and research enterprises: (1) To locate in this state, (2) To enlarge, expand and improve existing operations in this state, or (3) To relocate . . . in this state."
Section 11-54-81 (a). In keeping with this intent, the projects which the development boards are authorized to assume ought to promote this public purpose. By designating the acquisition, construction, and maintenance of hotels and motels as a permissible project, the legislature has indicated that this promotes the public purpose stated in the Act.
In determining whether something fulfills a public purpose, we, of course, accord great deference to the legislature and will accept its determination "when it does not clearly appear to be wrong, assuming that we have the right to differ with them in their finding." Opinion of the Justices,384 So.2d 1051, 1052 (Ala. 1980), citing Board of Revenue and RoadCommissioners of Mobile County v. Puckett, 227 Ala. 374,149 So. 850 (1933). See also Brown v. Longiotti, 420 So.2d 71 (Ala. 1982), and McDonald's Corp. v. DeVenney, 415 So.2d 1075 (Ala. 1982). However, if the legislature's determination "is repugnant to the *Page 841 
Constitution, the courts not only have the power, but it is their duty, when the issue is properly presented, to declare it so." Peddycoart v. City of Birmingham, 354 So.2d 808, 811 (Ala. 1978).
The question then, is whether the legislature's designation of the acquisition and construction of hotels and motor inns as promoting a public purpose is "clearly wrong." We do not think it is. Such facilities provide incentive for industry and business to locate in or near Andalusia. They provide accommodations for guests and traveling employees of industries and businesses, provide facilities for conventions, exhibitions, and meetings, and use the "agricultural products and natural and human resources of this state" in their construction and maintenance. These facilities will promote the public purpose espoused by the legislature and as set down in the Cater Act. Because this bonding issue is to further a public purpose, there is no violation of the due process clauses of the United States or the 1901 Alabama Constitutions.
The only other issue presented is whether Act No. 83-199 violates § 45, Article IV, of the 1901 Constitution, which requires that "[e]ach law shall contain but one subject, which shall be clearly expressed in its title."
The title of Act No. 83-199 reads: "To amend Section11-54-80, as heretofore amended, to include as permissible projects hotels, motor inns." Section 1 of the act adds hotels and motor inns to the list of projects. Section 3 states that "[a]ll hotels and motel inns built under this Act shall not be exempt from ad valorem taxes." This provision is now found in the Alabama Code at § 11-54-96.1, and is an exception to the §11-54-96 provision that all properties owned by the board shall be exempt from all taxation in the state of Alabama.
The title of an act need not be an index of all of the provisions contained therein. Lane v. Gurley Oil Co.,341 So.2d 712 (Ala. 1977). Section 45 requires only that the title not be "so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment." Alabama Education Association v. Grayson,382 So.2d 501, 505 (Ala. 1980), citing Pillans v. Hancock, 203 Ala. 570,84 So. 757 (1919). This Court has always given a liberal construction to the provisions of § 45 and will not abandon this guiding principle in the present case.
The act has one general subject and that is hotels and motels as projects under the Cater Act. The tax status of such hotels and motels is but a single facet of this subject. We hold that Act No. 83-199 has but one subject, which is clearly expressed in the title, and the act is, therefore, not violative of § 45, Article IV, of the 1901 Constitution.
OPINION SUBSTITUTED; AFFIRMED; APPLICATION FOR REHEARING DENIED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.