This is an appeal by plaintiffs from a judgment on the pleadings granted to certain defendants in plaintiffs' action to recover damages. That judgment on the pleadings was certified as final pursuant to Rule 54 (b), A.R.Civ.P. We affirm.
Plaintiffs are six mentally retarded children who sued proami. The appellees are the members of the Cullman City Board of Education, the special education coordinator, the superintendent of the City Board of Education, and Stanley Johnson, principal of the John C. Cullman Middle School, all being sued in their official capacities.
The gist of plaintiffs' complaint was that these plaintiffs were enrolled at the John C. Cullman Middle School as special students, and that they were subjected to "numerous incidents of abuse, physical, mental, and sexual [by certain other defendants described as] instructors and aides . . . charged with the responsibility of instructing and educating these . . . children, under the laws of the State of Alabama." The complaint against the appellees alleged:
 "8. Defendants, Ed Allen, Stanley Johnson, Richard Henderson, John Fricke, David Knight, Phil Freeman, Kay Steele, Barney Porter and the Cullman City Board of Education of Cullman, Alabama, are charged by law with the operation of the public schools in Cullman, Alabama, and had supervisory control and status as to these mentally retarded children, and in their respective capacities knew, or should have known, of the abuses inflicted upon, and suffered by, these mentally retarded children, and did fail to prevent, or to aid in preventing, the wrongs and abuses herein complained of, which they knew, or should have known, were occurring, and were about to continue to occur, and which they had the power to prevent, the action or inaction of these defendants being negligent, wanton or intentional. Numerous reports of incidents and other information were made available to these defendants from which these defendants knew, should have known, or with reasonable diligence could have ascertained, the plight of these mentally retarded children."
By amendment, plaintiffs added these charges:
 "11. Defendant, Ed Allen, was at all times pertinent hereto, City Superintendent of Schools in the City of Cullman, Alabama. In such capacity, defendant Allen was, and continues to be, the Chief Executive Officer of the Cullman City Board of Education by Code of Alabama, 1975, as amended, Title 16-12-3. Defendant Allen was, and is, charged with the responsibility of visiting the public schools in Cullman, Alabama, and observing the management and instruction at same, as mandated by Code of Alabama, 1975, as amended, Title 16-12-11. Defendant Allen had, and has, authority to suspend principals, teachers and supervisors for cause and to recommend them for dismissal, pursuant to Code of Alabama, 1975, as amended, Title 16-12-16. Defendant Allen was, and is, responsible to see that the provisions of law for school attendance are enforced, pursuant to Code of Alabama, 1975, as amended, Title 16-12-18.
 "12. The defendants in this action who were, and are, members of the City *Page 34 
Board of Education of Cullman, Alabama, were, and are, charged with the general administration and supervision of the public schools and educational interest in Cullman, Alabama, by Code of Alabama, 1975, as amended, Title 16-11-2, and were, and are, vested with all powers necessary or proper for the administration and management of the free public schools in Cullman, Alabama, by Code of Alabama, 1975, as amended, Title 16-11-9, and had, and have, along with defendant Allen, the responsibility to prescribe rules and regulations for the conduct and management of the public schools in the City of Cullman, Alabama, by Code of Alabama, 1975, as amended, Title 16-11-18.
". . . .
 "14. Defendants failed or refused to take appropriate action to protect mentally retarded children in the public schools of Cullman, Alabama, from the acts and actions of the defendants [naming other defendants]."
By another amendment, the plaintiffs sought injunctive relief by requiring the promulgation of "rules and regulations designed to insure the protection from physical and mental abuse of the mentally retarded students in the City Schools of Cullman, Alabama," and other relief.
The defendants in question moved for judgment on the pleadings. After a hearing and due consideration, the trial court entered an order, which we quote in part:
 "The allegations against Ed Allen, as the City Superintendent of Education, are listed in the amended complaint in paragraphs 32, 34, 33, 13, 14, 15, 16, 20, and 26, alleging at all times that he negligently failed or refused to act on the information to protect the mentally retarded plaintiffs from abuse.
 "The allegations against the junior high principal, Stanley Johnson, are in paragraphs 39 and 40 again alleging negligent supervision or that he negligently failed or refused to act upon information and to investigate and to provide protection of the mentally retarded students.
 "The defendant, Richard Henderson, the Supervisor of Instruction, for special classes is stated in paragraphs 29, 34, 36, and 33, again alleging his negligent failure to investigate or negligently failed or refused to act on information and to provide protection and continue to employ one of the teachers [sic].
 "The action against each school board member is stated in the amended complaint in paragraphs 12, 13, 14, 15, 20, and 26, again alleging their negligent failure or refusal to take appropriate action to protect the mentally retarded children who are the plaintiffs here.
 "Boards of Education are immune from an action in tort, it being considered actions against the State [sic]. Sims v. Etowah County Board of Education, (1976) 337 So.2d 1310; Enterprise City Board of Education v. Miller, (1977) 348 So.2d 782; Alabama Constitution, Section 14.
 "Actions against employees of boards of education and public bodies are also barred generally. Gill v. Sewell, (1978) 356 So.2d 1196; Milton v. Espey, (1978) 356 So.2d 1201; Hickman v. Dothan City Board of Education, (1982) 421 So.2d 1257; Deal v. Tannehill Furnace and Foundry [Com'n], (1983) 443 So.2d 1213; Sellers v. Thompson, (1984) 452 So.2d 460; and Hinkle v. Andalusia City School Board, (1985) 469 So.2d 1285."
We note here that the original complaint charged these defendants with negligent, wanton, or intentional misconduct. In Deal v. Tannehill Furnace Foundry Commission,443 So.2d 1213 (Ala. 1983), the scope of discretionary function immunity was expanded to include immunity from allegations of wanton conduct against state officials sued in their individual capacities where there was no evidence of bad faith on their part.
Under the pleadings, the gist of the charges against the defendants here is that they failed to exercise their statutory authority to take whatever appropriate action was available. But whatever that action *Page 35 
was, it relates here to the performance of their statutory duties, which, under the authorities cited by the trial court, were discretionary functions for which they possessed constitutional immunity. In this connection, we take note that plaintiffs did not allege any fraud or bad faith on the part of these defendants. Cf. Donahoo v. State, 479 So.2d 1188 (1985) and Unzicker v. State, 346 So.2d 931 (Ala. 1977).
Having found that these defendants were entitled to discretionary function immunity, we need not reach the issue of injunctive relief.
Let the judgment on the pleadings as to these defendants be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.