John Adam Faulkner, the minor son of Bonnie Faulkner, broke his leg while ice-skating on a field trip to the Alpine Ice Arena in Birmingham. The field trip was part of activities in a day camp sponsored by the Tuscaloosa City Board of Education; John Adam Faulkner was enrolled in the day camp. Mrs. Faulkner and John Adam Faulkner then sued the manager and owner of the Alpine Ice Arena, and they also sued the Tuscaloosa City Board of Education and several of its employees, including Paul Patterson, a day camp supervisor who was present at the time of the child's injury. The trial court entered a summary judgment for all the defendants. The Faulkners appeal only from the judgment entered in favor of Patterson on their claim that Patterson negligently supervised John Adam Faulkner during his trip to the ice-skating rink.
The dispositive issue is whether Patterson, as an employee of the Tuscaloosa City Board of Education, is entitled to qualified immunity.
Article I, § 14, Alabama Constitution (1901), provides that the State of Alabama shall not be made a defendant "in any court of law or equity"; this is the constitutional basis for the doctrine of sovereign immunity. This immunity may attach to an individual who, while acting as an agent of the State, is engaged in the exercise of a discretionary function; in other words, the individual may be entitled to qualified immunity.Nance v. Matthews, 622 So.2d 297 (Ala. 1993). "Discretionary acts" have been defined as "[t]hose acts [as to which] there is no hard and fast rule as to course of conduct that one must or must not take" and those requiring "exercise in judgment and choice and [involving] what is just and proper under the circumstances." Black's Law Dictionary 467 (6th ed. 1990); see also Smith v. Arnold, 564 So.2d 873, 876 (Ala. 1990).
In December 1991, John Adam, then six years old, was enrolled in a "Christmas Camp" day camp program organized by the Tuscaloosa City Board of Education. Mrs. Faulkner signed an application statement prior to her son's enrollment, whereby she expressly approved of his participation in the camp activities. Many activities were planned for the camp children, including a field trip to the Alpine Ice Arena in Birmingham for ice-skating. On December 27, 1991, John Adam Faulkner and the other children in the camp were taken to the Alpine Ice Arena; Patterson and three other members of the day camp staff supervised the children on the trip. Before the children entered the ice-skating rink, Patterson and the other *Page 875 
staff members instructed the children that were inexperienced at ice-skating to hold onto the side rail of the rink while skating. One of the staff members helped John Adam put on the ice skates, and the child then skated onto the ice. While Patterson was obtaining snacks and skates for other children, John Adam fell and broke his leg; he testified that he slipped after letting go of the side wall. He did not know how to ice-skate; Mrs. Faulkner testified that she gave no notice to the day camp staff as to her son's lack of ice-skating experience.
Mrs. Faulkner claims that Patterson negligently supervised John Adam at the ice rink and that his negligence caused the child's injury. Patterson contends that he is immune from liability because, he argues, he was engaged in a discretionary function as an agent of the State; in addition, Patterson asserts that he did not negligently supervise John Adam.
In Coyle v. Harper, 622 So.2d 302 (Ala. 1993), the Court held that a teacher who was monitoring a school hall during or immediately after the change of classes was exercising a discretionary function. Therefore, the teacher was immune from liability for the alleged negligent supervision of a student who was injured inside the teacher's classroom while the teacher was in the hall. 622 So.2d at 303. In Kroger v. Davis,622 So.2d 303 (Ala. 1993), the Court held that two teachers who were supervising their students on a playground during recess were exercising a discretionary function; that fact provided them immunity from liability for a child's injury during the recess. 622 So.2d at 304.
Patterson was acting as an agent of the Tuscaloosa City Board of Education while supervising the children of the Christmas Camp. Municipal boards of education are local agencies of the State and partake of the State's sovereign immunity.Enterprise City Board of Educ. v. Miller, 348 So.2d 782, 783
(Ala. 1977); Hutt v. Etowah County Bd. of Educ., 454 So.2d 973,974 (Ala. 1984). After reviewing the record in this case, we must conclude that Patterson was exercising a discretionary function while he was supervising the camp children at the ice-skating rink. Patterson, one of four camp supervisors in attendance at the ice-skating rink, was attending to several other children when John Adam was injured. Patterson made the decision to provide snacks for several children and to tie their skates, while John Adam and other children were venturing onto the ice. As noted above, there were three other adults with Patterson supervising the children at the ice-skating rink. Patterson could not reasonably be expected to be providing individual attention to every single camp child at that moment, given the demanding circumstances of working with a group of children. His action was a "personal deliberation, decision and judgment" in the performance of his job; therefore, Patterson was performing a discretionary function.White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991), citingDavis v. Little, 362 So.2d 642, 643 (Miss. 1978). Because Patterson was performing a discretionary function while acting as an agent of the State, he is entitled to qualified immunity from liability in this case. Coyle, supra; Kroger, supra.
Because we have determined that Patterson is entitled to qualified immunity, we pretermit discussion of other issues raised on appeal. The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.