Anga Louviere, while walking to class at the Alba Elementary School in Mobile, stepped into a hole. Her feet and ankles were burned by hot water, or steam, which the plaintiffs say was caused by an underground boiler pipe.
Anga Louviere, acting by and through her mother, Theresa Hughes, sued the Mobile County Board of Education; the members of the Board, individually and in their official capacities[1]; Douglas McGann (the superintendent of the Mobile County Public Schools at the time of the accident), individually and in his official capacity; and Barbara Doherty (the principal of Alba Elementary School at the time of Anga Louviere's injury), individually and in her official capacity. Theresa Hughes, acting individually, claimed damages for present and future medical expenses and loss of services and society of her daughter Anga. The complaint alleged that the defendants had wantonly or negligently failed to practice proper safety measures, to monitor *Page 875 
the school grounds, or to institute and maintain proper safety precautions that the plaintiffs say would have prevented Anga Louviere's injuries. The plaintiffs subsequently amended their complaint to add as defendants Ossie McDougle (the janitor for Alba Elementary School); and Roy Humphrey (the head of the plumbing and heating department for all school buildings in the school district). The amended complaint alleged that McDougle, with notice of the dangerous condition, had negligently failed to take necessary steps to ensure Anga Louviere's safety, and that Roy Humphrey had negligently supervised and directed installation of the boiler pipe system.
The Mobile County Board of Education and the members of the Board moved for a judgment on the pleadings, claiming sovereign immunity from the personal injury tort claims stated by the plaintiffs. The court treated the motion as a motion for summary judgment, pursuant to Rule 12(c), Ala.R.Civ.P. McGann, Doherty, McDougle, and Humphrey subsequently moved for a summary judgment, claiming discretionary function immunity. The circuit court entered a summary judgment for all defendants. The plaintiffs appeal.
The plaintiffs present the following issues:
 I. Whether Act No. 87-280, Ala. Acts 1987, which granted sovereign immunity to the Mobile County School Board, violates Article IV, § 45, of the Alabama Constitution by failing to clearly express the subject of the Act in its title; and,
 II. Whether the defendants Barbara Doherty, Ossie McDougle, and Roy Humphrey are entitled to discretionary function immunity under the facts and circumstance in the presented case.[2]
Because this appeal involves two issues, we consider each issue separately.
 I
The Board of School Commissioners of Mobile County was the first school board in the State of Alabama; it was set up under its own enabling statute.[3] Act No. 480, Ala. Acts 1969 (amending Act No. 242, Ala. Acts 1876), regulated the operation of the Mobile County school board before the adoption of Act No. 87-280. Act No. 480 stated in pertinent part:
 "The said board shall be a body corporate; and may have a common seal; may sue and be sued;"
(Emphasis added.)
Notwithstanding the "be sued" language, in Board of SchoolCommissioners of Mobile County v. Caver, 355 So.2d 712 (Ala. 1978), the Board of School Commissioners claimed immunity from tort liability. This Court rejected that claim and held that, based on the "be sued" language in Act No. 480, the school board did not enjoy sovereign immunity. In Caver this Court stated:
 "[Act No. 480] provides, inter alia, that 'The said Board shall be a body corporate; and may have a common seal; may sue and be sued. . . .' (Emphasis supplied.) Clearly, the authority to 'sue and be sued' is not one of those educational areas in which the legislature may not act concerning the Mobile County School Board.
 "We stressed in Sims v. Etowah County Board of Education, [337 So.2d 1310 (Ala. 1976)], as well as in Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala. 1977), that the sovereign immunity we held was due to be accorded [the Etowah County and Enterprise City] boards of education flowed directly from the statutes. In both cases, the pertinent statutes stated that the county and city boards of education, respectively, 'may sue.' There was no corresponding provision in those statutes that the respective boards could 'be sued.' For that reason, we said in each case, inter alia, that the respective boards *Page 876 
of education were immune from suit in tort.
 "In the case at bar, by contrast, Act Number 480 clearly states that the Mobile County School Board 'may sue and be sued.' We hold, therefore, as we said in Sims and Enterprise City Board, that the statute must be given effect, and, therefore, the Mobile County School Board may be sued in tort."
Caver, 355 So.2d at 713.
After this Court's decision in Caver, the Mobile County Board of School Commissioners began lobbying the Legislature to have the "be sued" language removed from Act No. 480. Governor Guy Hunt signed into law Act No. 87-280, a local act, effectively repealing the "be sued" language of Act No. 480, so as to make Act No. 87-280 identical to the "general" school board statute applicable to other school boards. See Ala. Code 1975, §16-8-40. Act No. 87-280 provided, "The said Board shall be a body corporate, and may have a common seal, may sue andcontract. . . ." The title to Act No. 87-280 read:
 "Relating to Mobile County, to amend Section 5 of Act No. 242, S.B. 79 1876 Regular Session, as amended, which regulates public schools in the county, so as to provide further for the powers and duties of the county board of education."
The Alabama Constitution of 1901 provides in Article IV at § 45:
 "The style of the laws of this state shall be: 'Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be reenacted and published at length."
(Emphasis added.)
This Court has repeatedly stated that the title of an act need not be an index of all of the provisions contained in the act. Smith v. Industrial Development Board, 455 So.2d 839 (Ala. 1984); Alabama Education Association v. Grayson, 382 So.2d 501
(Ala. 1980); Lane v. Gurley Oil Co., 341 So.2d 712 (Ala. 1977). Section 45 requires only that the title not be "so misleading and uncertain that the average legislator or person reading the same would not be informed of the purpose of the enactment."Reed v. Brunson, 527 So.2d 102, 118 (Ala. 1988), quotingHilsabeck v. State, 477 So.2d 465, 470 (Ala.Crim.App. 1984), affirmed, 477 So.2d 472 (Ala. 1985); Smith v. IndustrialDevelopment Board, 455 So.2d 839, 841 (Ala. 1984); Dickerson v.State, 414 So.2d 998, 1006 (Ala.Crim.App. 1982); Opinion ofthe Justices No. 216, 294 Ala. 571, 575, 319 So.2d 699 (Ala. 1975); Pillans v. Hancock, 203 Ala. 570, 572, 84 So. 757
(1919). Similarly, § 45 "is not to be exactingly enforced in such a manner as to cripple legislation or to be enforced with hypercritical exactness." Reed, supra, at 118; Hilsabeck, supra, at 470; Dickerson, supra, at 1006.
Based on our review of the record and the various legislative acts, we conclude that the title of the act is not so uncertain or misleading that the average legislator or person reading it would not be informed of the purpose of the enactment. Accordingly, we conclude that Act No. 87-280 has not been shown to violate § 45 of the 1901 Constitution, and that the trial court correctly entered the summary judgment for the Board and its members on the sovereign immunity claim. See Hill v. Allen,495 So.2d 32 (Ala. 1986); Hutt v. Etowah County Board ofEducation, 454 So.2d 973, 974 (Ala. 1984); Clark v. JeffersonCounty Board of Education, 410 So.2d 23 (Ala. 1982); EnterpriseCity Board of Education v. Miller, 348 So.2d 782, 783 (Ala. 1977); Sims v. Etowah County Board of Education, 337 So.2d 1310
(Ala. 1976); Ala. Code 1975, §§ 16-8-8, -9. *Page 877 
 II
Article I, § 14, Ala. Const. (1901), provides "That the State of Alabama shall not be made a defendant in any court of law or equity." This is the basis for the doctrine of sovereign immunity. County boards of education, as local agencies of the State, enjoy this immunity. Hill v. Allen, supra; Hutt v.Etowah County Board of Education, supra; Clark v. JeffersonCounty Board of Education, supra; Enterprise City Board ofEducation v. Miller, supra; Sims v. Etowah County Board ofEducation, supra. A person who acts as a State agent may also share in the State's sovereign immunity if the agent's act complained of was committed while that person was performing a discretionary act. Nance v. Matthews, 622 So.2d 297 (Ala. 1993); Hayes v. Walters, 628 So.2d 558 (Ala. 1993); Taylor v.Shoemaker, 605 So.2d 828 (Ala. 1992); White v. Birchfield,582 So.2d 1085 (Ala. 1991); Hill v. Allen, supra. "Discretionary acts" have been defined as
 "[t]hose acts [as to which] there is no hard or fast rule as to [the] course of conduct that one must or must not take . . .[;] [those requiring] exercise in judgment and choice and [involving] what is just and proper under the circumstances."
Black's Law Dictionary 467 (6th ed. 1990). See Faulkner v.Patterson, 650 So.2d 873, 874 (Ala. 1994); Nance v. Matthews,622 So.2d 297, 300 (Ala. 1993); Hayes v. Walters, supra, at 560; Smith v. Arnold, 564 So.2d 873, 876 (Ala. 1990); Byrd v.Sullivan, 657 So.2d 830, 833 (Ala. 1995). Whether a particular defendant is engaged in a discretionary function, and is thereby immune from liability, is a question of law to be decided by the trial court. Woods v. Wilson, 539 So.2d 224
(Ala. 1989); Barnes v. Dale, 530 So.2d 770 (Ala. 1988); Grantv. Davis, 537 So.2d 7 (Ala. 1988); Foreman v. State, [Ms. 1931068, March 31, 1995] ___ So.2d ___ (Ala. 1995).
The plaintiffs allege that Barbara Doherty, the principal of Alba School, negligently failed to exercise proper safety measures, to monitor school equipment, to maintain safety precautions, and to institute safety measures. Doherty testified that the hole into which Anga Louviere stepped had developed the night before and that she received notice of it when McDougle, the school janitor, told her that he had covered the hole by placing a board over it. Minutes later, the child was injured. The record does not show what actions Doherty took after McDougle told her of the hole, e.g., whether she took further steps to correct the situation or whether she relied on McDougle's covering of the hole as an appropriate safeguard. Whatever her action might have been, any decision she might have made was related to the performance of her duties as principal, and it called for "personal deliberation[s], decision[s], and judgment[s]" in the performance of her job.Byrd v. Sullivan, 657 So.2d at 833; White v. Birchfield, 582 So.2d at 1087. Thus, in making that decision, she was engaged in the performance of discretionary functions, for which she possessed constitutional immunity. Nance v. Matthews, supra;Hayes v. Walters, supra. Therefore, the summary judgment was properly entered in favor of Doherty.
As to the defendant Roy Humphrey the plaintiffs allege that he negligently supervised and directed the installation of, and repairs to, the pipe system that caused Anga Louviere's injuries, and they allege that the installation and repairs were negligently performed.
Humphrey served as maintenance supervisor for Alba School in 1985 and while in that job he supervised the replacement of boiler pipes. Humphrey did not personally install the pipes; rather, he periodically supervised a crew of maintenance personnel who replaced the pipes according to Humphrey's decisions and instructions. Relying on his experience as a steamfitter, Humphrey used his own judgment and did not follow any instructions, orders, or guidelines on how to insulate and replace the pipes. Humphrey's actions clearly fall into the category of discretionary acts. Humphrey had to rely on his own judgment and discretion in making decisions while directing the installation of the boiler pipes. We conclude that the summary judgment was properly entered in his favor. Taylor v.Shoemaker, supra; Grant v. Davis, supra. *Page 878 
Finally, the plaintiffs allege that Ossie McDougle negligently failed to take necessary steps to ensure the Anga's safety after he had notice of the dangerous condition on the school property.
McDougle was employed as a janitor for Alba Elementary School at the time of the accident. He testified that his responsibilities included mopping school floors, cleaning bathrooms, taking out trash, changing light bulbs, and picking up trash in the parking lot. He also testified that he had no responsibility concerning the school's heating and boiler system and that before the accident he was not aware of any problems with steam escaping from the heating system.
On the morning of the accident, McDougle was notified by a parent that steam was escaping near a driveway. McDougle found the hole in which Anga Louviere was later injured and placed a piece of plywood over the hole, completely covering it. McDougle notified Principal Doherty that he had covered the hole and he then went about his morning routine of unlocking doors. He returned minutes later to find that the plywood had been moved and that Anga had been injured.
McDougle's actions, right or wrong, were discretionary, because he had had no previous instructions or responsibilities regarding the heating system, boiler pipes, or escaping steam. When McDougle placed the plywood over the hole, he was making personal, discretionary judgments concerning the appropriate action to take under the circumstances. Therefore, he was entitled to discretionary immunity. The summary judgment was also proper as to the claims against this defendant. SeeTaylor v. Shoemaker, supra; Grant v. Davis, supra.
The summary judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, KENNEDY, and COOK, JJ., concur.
[1] Those members were Jeanne Andrews, Joseph Mitchell, Sugar Warren, N.Q. Adams, and Hazel Fournier.
[2] In brief before the circuit court, the appellants conceded that summary judgment was appropriate as to all claims against defendant Douglas McGann. For that reason, the circuit court's decision granting summary judgment in the favor of McGann is not an issue on appeal in the present case.
[3] For a comprehensive history of the Board of School Commissioners of Mobile County, see Morgan v. Board of SchoolCommissioners of Mobile County, 248 Ala. 22, 26 So.2d 108
(1946).