[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 111 
Stephen E. Bathgate, Jr., alleges that he contracted cryptococcal meningitis as the result of his exposure to pigeon feces while he was a student at Shaw High School.
Bathgate, acting by and through his parents, sued the Mobile County Board of Education; the members of the Board, individually, and in their official capacity; Paul Sousa (the facilities manager for the Mobile County Schools); Charles Ratcliffe (the assistant superintendent of business operations for the Mobile County Schools); Alfred Kearley (maintenance supervisor for the facilities division of the Mobile County Board of Education); Albert Lowery (principal of Shaw High School); Wilton Lowery (maintenance engineer at Shaw High School); the Mobile County Health Department; Clarence Erdman (director of environmental health services with the Mobile County Health Department); and Dr. Bernard Eichold (Mobile County Health Officer).
The trial court dismissed the Mobile County Board of Education and the Board members as defendants, based on sovereign immunity. The trial court entered a summary judgment in favor of the employees of the Mobile County Board of Education and the employees of the Mobile County Health Department, finding that the employees were entitled to discretionary immunity.
Bathgate appeals. This appeal is before us pursuant to §12-2-7(6), Code 1975.
The sole issue on appeal is whether the trial court erred in finding that the school board employees and the health department employees were entitled to discretionary immunity.
Ala. Const. art. I, § 14, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." This is the essence of the doctrine of sovereign immunity. County boards of education are local agencies of the State. As such, county boards of education enjoy this immunity. Louvierev. Mobile County Board of Education, 670 So.2d 873 (Ala. 1995). County boards of health are also agencies of the State and are entitled to sovereign immunity. Pack v. Blankenship,612 So.2d 399 (Ala. 1992). A State agent is entitled to share in the State's sovereign immunity if the agent's act complained of was committed while that person was engaged in the performance of a discretionary act. Louviere; Nance v. Matthews, 622 So.2d 297
(Ala. 1993). In Louviere, our supreme court defined discretionary acts as follows:
 " '[t]hose acts [as to which] there is no hard or fast rule as to [the] course of conduct that one must or must not take . . . [;] [those requiring] exercise in judgment and choice and [involving] what is just and proper under the circumstances.' " *Page 112 
"Black's Law Dictionary 467 (6th ed. 1990)."
Whether an agent is engaged in a discretionary act is a question of law to be decided by the trial court.Louviere.
 School Board Employees
The school board employees are Albert Lowery, Wilton Lowery, Alfred Kearley, Paul Sousa, and Charles Ratcliffe.
Bathgate claims that Alfred Lowery, the principal of Shaw High School; Wilton Lowery, the maintenance engineer for Shaw High School; and Alfred Kearley, the maintenance coordinator for the school board, were negligent and/or acted wantonly in that they knew, or should have known, of an alleged pigeon infestation at Shaw High School and that this alleged infestation presented a health hazard to students. Bathgate also claims that Alfred Lowery, Wilton Lowery, and Alfred Kearley were negligent and/or wanton in their failure to prevent an unsafe condition from developing at Shaw High School.
In his brief Bathgate implies that these employees did nothing to address the pigeon problems. The record reflects, however, that the principal, his staff, and the maintenance department took numerous and repeated actions to deal with the alleged pigeon infestation. In addition to frequent cleaning and sanitizing, numerous efforts were made to prevent the pigeons from roosting. Maintenance department employees enclosed damaged ventilation areas to prevent pigeons from roosting, replaced ventilation turbines, and checked other areas of the school.
We find that Alfred Lowery, Wilton Lowery, and Alfred Kearley were entitled to discretionary immunity. The actions that they took regarding the pigeon droppings and the alleged infestation, whether right or wrong, were based on personal deliberations. Byrd v. Sullivan, 657 So.2d 830 (Ala. 1995). There were no "hard or fast" rules as to how to handle an alleged pigeon infestation. Louviere. The trial court did not err in entering a summary judgment in their favor.
The two remaining school board employees served in supervisory positions. Paul Sousa, during part of the pertinent time frame, was acting as the school board's facilities manager. He was responsible for new construction, maintenance, renovations, transportation, and energy management. Charles Ratcliffe, while acting as assistant superintendent for business operations, performed the duties of facilities manager prior to Sousa's term of employment. Both Sousa and Ratcliffe held this position during the relevant time of Bathgate's allegations.
Bathgate concedes that Sousa and Ratcliffe had no actual knowledge of the pigeon infestation. He contends, however, that they had a duty to develop and implement policies and procedures to prevent such an unsanitary condition. He insists that they were negligent in failing to do so.
We find that Sousa and Ratcliffe were entitled to discretionary immunity. The development of policies is a discretionary function. Grant v. Davis, 537 So.2d 7 (Ala. 1988). The trial court did not err in entering a summary judgment in their favor.
 Department of Health Employees
Bathgate's basic allegation against Dr. Eichold and Erdman is premised on the fact that they had a statutory duty to inspect the schools and that they breached this duty by failing to discover the alleged pigeon infestation at Shaw High School.
Section 22-3-5(13), Code 1975, provides that it is the duty of the county health officer
 "To inspect the schools of the county at least once annually, with the view of seeing that they are supplied with pure drinking water and surrounded by sanitary conditions in all respects, especially to investigate whether or not said schools are equipped with adequate disposal facilities; further, to promote health education within the school system with the concurrence of the appropriate educational authorities."
Neither Dr. Eichold's nor Erdman's duties with the health department involved making personal periodic inspections of Shaw High School. Their duties involved assessing health needs on a county-wide basis, training *Page 113 
and placing personnel, and determining how to allocate the limited resources of the health department to best protect the public health.
Health department inspectors did make inspections at Shaw High School, as well as all the other schools in the county. Records show that the cafeteria at Shaw was inspected on a monthly basis, and general sanitary inspections were carried out at Shaw on an average of twice a year.
There do not appear to be any State guidelines or regulations concerning school inspections, other than food service regulations and plumbing and sewage regulations. Section22-3-5(13) defines neither "sanitary" nor "in all respects." The individual inspectors, therefore, must exercise their own discretion in determining whether an unsanitary condition exists and in deciding what measures should be taken to abate the condition.
Concerning the inspections of schools, both Dr. Eichold and Erdman acted in a supervisory position. The allocation of resources and the scope and detail of visits to schools to determine whether they were "sanitary" naturally involved the exercise of discretion. Taylor v. Shoemaker, 605 So.2d 828
(Ala. 1992).
The trial court did not err in entering summary judgment in favor of Dr. Eichold and Erdman.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.