I concur in the main opinion insofar as it grants relief to McDuffie, the engineer. I respectfully dissent insofar as the main opinion grants relief to Hayles, the work-crew supervisor.
Hayles relies on the restatement formulated by Ex parte Cranman,792 So.2d 392 (Ala. 2000), and adopted by a majority of this Court in Exparte Butts, 775 So.2d 173 (Ala. 2000). More specifically, Hayles relies on that part of Butts that grants a state agent immunity against claims "based upon the agent's
"`(1) formulating plans, policies, or designs; or
 "`(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
"`. . . .
"`(b) allocating resources;
"`. . . .
 "`(d) hiring, firing, transferring, assigning, or supervising personnel. . . .'"
Butts, 775 So.2d at 177-78 (emphasis added) (quoting Ex parte Cranman,792 So.2d at 405).
The record presents a jury question on the issue of whether or not these deaths resulted from Hayles's "formulating plans, policies, or designs" on the one hand, or from his simply bungling the mechanics of the demolition on the other hand. The notion that the deaths resulted from Hayles's "administ[ering] . . . a department or agency of government" in any respect at all either exceeds the ambit of this ground of immunity or lacks substantial supporting evidence. Indeed, the record contains substantial if not conclusive evidence that Hayles was not "administ[ering] . . . a department or agency of government." Therefore, we should not issue a writ of mandamus instructing the trial judge to enter summary judgment in favor of Hayles.
The general policy of the Cranman restatement is to immunizegovernmental judgments, not workaday judgments as common to private enterprise as to government. If we are not careful, our decisions will regress into the pre-Cranman morass which accorded immunity to the likes of a school janitor "exercising discretion" in failing to keep an exposed underground boiler pipe covered with a piece of plywood, Louviere v.Mobile County Bd. of Education, 670 So.2d 873 (Ala. 1995).
Moore, C.J., concurs.