STUART, Justice.
George Mason petitions this Court for a writ of mandamus directing the Macon Circuit Court to enter a summary judgment for him on the basis of State-agent immunity in the action filed against him by Kola Oyedepo, individually and as grandfather and next friend of Joshua Dosunmu. We grant the petition and issue the writ.

Facts

George Mason is a bus driver employed by the Macon County Board of Education. On September 28, 2009, Joshua Dosunmu, a minor child and a fifth-grade student in the Macon County school system, was a passenger on the school bus Mason was driving. Dosunmu got off the school bus at the Windover Apartments, which are located on Lynn Drive and Martin Luther *11 King Highway/Highway 80 West. After the bus had continued on its route, Dosunmu attempted to cross the highway. He was struck and injured by an automobile, driven by Janie Pearson Sellers. Oyedepo, individually and as grandfather and next friend of Joshua Dosunmu, sued Mason and others alleging negligence and wantonness arising from Mason’s alleged failure to properly supervise Dosunmu and/or his alleged failure to ensure that Dosunmu got off the bus at the appropriate school-bus stopping point.
Mason answered the complaint and subsequently moved for a summary judgment, arguing that he was entitled to State-agent immunity because, he said, as a bus driver employed by the Macon County Board of Education at the time of the accident, he was exercising judgment in transporting and supervising students on the day of the incident. He further asserted that he was performing his duties in a manner consistent with the rules and regulations established by the State of Alabama and the Macon County Board of Education. In support of his motion, he attached a copy of his responses to Oyede-po’s first set of interrogatories and his deposition testimony. Oyedepo opposed Mason’s summary-judgment motion, arguing that Mason was not entitled to State-agent immunity because, he said, a bus driver does not perform a function that would entitle him or her to State-agent immunity. Oyedepo further maintained that, even if Mason is entitled to State-agent immunity, on the day of the incident Mason acted beyond his authority when he allowed Dosunmu to exit the bus at a location that required Dosunmu to cross a four-lane highway to get to his house and that, therefore, he is not immune from civil liability. The trial court denied Mason’s motion. Mason petitions this Court for a writ of mandamus directing the Macon Circuit Court to enter a summary judgment for him on the basis of State-agent immunity.

Standard of Review

“ ‘ “ ‘While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion grounded on a claim of immunity is reviewable by petition for writ of mandamus. Ex parte Purvis, 689 So.2d 794 (Ala. 1996)....
“ ‘ “ ‘Summary judgment is appropriate only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P., Young v. La Quinta Inns, Inc., 682 So.2d 402 (Ala.1996). A court considering a motion for summary judgment will view the record in the light most favorable to the nonmoving party, Hurst v. Alabama Power Co., 675 So.2d 397 (Ala.1996), Fuqua v. Ingersollr-Rand Co., 591 So.2d 486 (Ala.1991); will accord the nonmoving party all reasonable favorable inferences from the evidence, Fuqua, supra, Aldridge v. Valley Steel Constr., Inc., 603 So.2d 981 (Ala.1992); and will resolve all reasonable doubts against the moving party, Hurst, supra, Ex parte Brislin, 719 So.2d 185 (Ala.1998).
“ ‘ “ ‘An appellate court reviewing a ruling on a motion for summary judgment will, de novo, apply these same standards applicable in the trial court. Fuqua, supra, Brislin, supra. Likewise, the appellate court will consider only that factual material available of record to the trial court for its consideration in *12 deciding the motion. Dynasty Corp. v. Alpha Resins Corp., 577 So.2d 1278 (Ala.1991), Boland v. Fort Rucker Nat’l Bank, 599 So.2d 595 (Ala.1992), Rowe v. Isbell, 599 So.2d 35 (Ala.1992).’ ”
“ ‘Ex parte Turner, 840 So.2d 132, 135 (Ala.2002)(quoting Ex parte Rizk, 791 So.2d 911, 912-13 (Ala.2000)). A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: “ ‘(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ” Ex parte Nall, 879 So.2d 541, 543 (Ala.2003)(quoting Ex parte BOC Group, Inc., 823 So.2d 1270,1272 (Ala. 2001)).’
“Ex parte Yancey, 8 So.3d 299, 303-04 (Ala.2008).”
Ex parte Montgomery Cnty. Bd. of Educ., 88 So.3d 837, 840AU (Ala.2012).

Discussion

Mason contends that, as a bus driver employed by the Macon County Board of Education, he is entitled State-agent immunity from Oyedepo’s claims and that the trial court erred by failing to enter a summary judgment in his favor on that ground.
“ ‘A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
[[Image here]]
“‘(5) exercising judgment in the ■ discharge of duties imposed by statute, rule; or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
“ ‘Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
“ ‘(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
“ ‘(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.’
“Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000).
“ ‘This Court has established a “burden-shifting” process when a party raises the defense of State-agent immunity. Giambrone v. Douglas, 874 So.2d 1046, 1052 (Ala.2003). In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiffs claims arise from a function that would entitle the State agent to immunity. Giambrone, 874 So.2d at 1052; Ex parte Wood, 852 So.2d 705, 709 (Ala.2002). If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. Giambrone, 874 So.2d at 1052; Wood, 852 So.2d at 709; Ex parte Davis, 721 So.2d 685, 689 (Ala.1998). “A State agent acts beyond authority and is therefore not immune when he or she ‘fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist.’ ” Giambrone,
*13 874 So.2d at 1052 (quoting Ex parte Butts, 775 So.2d 178, 178 (Ala.2000)).’
“Ex parte Estate of Reynolds, 946 So.2d 450, 452 (Ala.2006). Additionally, as this Court recently stated:
“ ‘ “State-agent immunity protects agents of the State in their exercise of discretion in educating students. We will not second-guess their decisions.” Ex parte Blankenship, 806 So.2d 1186, 1190 (Ala.2000). However, “[o]nce it is determined that State-agent immunity applies, State-agent immunity is withheld upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. [Ex parte] Cranman, 792 So.2d [392,] at 405 [ (Ala.2000) ].” Ex parte Bitel, 45 So.3d 1252,1257-58 (Ala.2010).’
“N.C. v. Caldwell, 77 So.3d 561, 566 (Ala.2011).”
Montgomery Cnty. Bd. of Educ., 88 So.3d at 842-43 (footnote omitted).
First, Mason contends that he is entitled to State-agent immunity because, he says, the claims against him are based on acts arising from his performance of official duties and exercise of discretion in supervising students as a bus driver for the Macon County Board of Education. In Ex parte Trottman, 965 So.2d 780, 783 (Ala.2007), this Court held that “educating students” as described in Ex parte Cranman, 792 So.2d 392 (Ala.2000) (adopted by a majority of the Supreme Court in Ex parte Butts, 775 So.2d 173 (Ala.2000)), “includes not only classroom teaching, but also supervising and educating students in all aspects of the educational process.” Alabama caselaw establishes that employees who work in the educational system, other than teachers and administrators, are entitled to State-agent immunity because the performance of jobs in areas other than the classroom involves the “supervising and educating of students.” See Louviere v. Mobile Cnty. Bd. of Educ., 670 So.2d 873 (Ala.1995) (recognizing that janitors and steamfitters are entitled to discretionary immunity[1]); Ex parte Trottman, supra (recognizing that school secretaries and office clerical assistants are entitled to State-agent immunity); Bathgate v. Mobile Cnty. Bd. Sch. Comm’rs, 689 So.2d 109 (Ala.Civ.App.l996)(recognizing that maintenance engineers and facilities managers are entitled to discretionary immunity); and Lennon v. Petersen, 624 So.2d 171 (Ala.1993) (recognizing that athletic trainers are entitled to discretionary immunity). Mason reasons that because the conduct underlying the claims against him involved his exercise of discretion in supervising Dosunmu’s exiting the bus, he is immune from civil liability in his personal capacity.
Oyedepo maintains that Mason is not entitled to State-agent immunity because, he says, bus drivers are not protected from civil liability by immunity. He cites Horton v. Briley, 792 So.2d 432 (Ala.Civ.App.2001). In Horton, a bus driver was sued by a student who was injured when the bus on which she was a passenger collided with another school bus. The Court of Civil Appeals held that the bus driver was not entitled to State-agent immunity, stating:
“Bus drivers certainly use their own judgment or discretion in performing their duties, but that judgment or discretion is not related to the formulation or application of governmental policy. The Cranman court explained, ‘[C]har- *14 acterizing as a discretionary function conduct remote from the execution of governmental policy ... would perpetuate an erroneous construction of the Constitution.’ Cranman, 792 So.2d at 404. Thus, we conclude that the bus drivers are not entitled to State-agent immunity.”
We, however, cannot agree with Oyedepo’s contention that Horton precludes Mason from the protection of State-agent immunity. The determination as to whether a bus driver is entitled to State-agent immunity rests upon whether the claims against the bus driver are based on acts arising from the performance of official duties and the exercise of discretion in the supervision of students. In Horton, the claims arose from the bus driver’s conduct in driving the bus; in this case, the claims arise from Mason’s conduct in supervising a student’s getting off the school bus. Because the conduct at issue in this case involves the exercise of discretion in supervising students, Mason has satisfied his burden of demonstrating that Oyedepo’s claims arise from his exercise of discretion while performing his duties as a bus driver in supervising students and that he is entitled to State-agent immunity.
Mason further contends that the trial court erred in failing to enter a summary judgment based on State-agent immunity because, he says, Oyedepo did not satisfy his burden of demonstrating that Mason acted beyond the scope of his authority. Specifically, he argues that Oyedepo did not establish that he did not abide by the rules and regulations established by the Macon County Board of Education for loading and unloading students from a school bus. According to Mason, he complied with the established rules and regulations of the Macon County Board of Education; he observed Dosunmu and other children get off the school bus at a location designated by the school board onto a side road away from traffic; he had loaded and unloaded Dosunmu at that designated location in the past; on the day of the incident he watched Dosunmu exit the bus in the approved manner; and he did not drive away until all the students who had gotten off the bus at the designated location were safely away from the traffic.
Oyedepo maintains that Mason did not follow the rules and regulations in the Alabama School Bus Driver Handbook and the Alabama Commercial Driver License Manual, which have been adopted by the Macon County Board of Education and that, therefore, he acted outside the scope of his authority and is not immune from civil liability. According to Oyedepo, Mason did not adhere to the following rules:
— The driver should never change stops;
— Students should load or unload only at their school or designated stop;
— Students should not cross a median or divided highway;
— Students should wait on the side of the road on which they live;
— Students should cross the street 10 feet in front of the bus;
— During the loading and unloading process, the driver should COUNT the students and move the bus ONLY after ALL students are safely on the side of the road on which they live or in their seats. Be alert for students’ apparel or carry-on items being caught on the bus handrail, door, door handle, etc.; and
— All students who live on the left side of the road should exit first and cross in single file.
Oyedepo maintains that Mason had no discretion in following these rules and that Mason acted beyond his authority when he dropped Dosunmu, not at a designated location on the side of the highway where *15 Dosunmu’s house is located, but across a four-lane highway from the house.
The evidence submitted to the trial court established that, although Dosunmu exited the school bus at a designated location approved by the Board, Dosunmu did not live on the side of the highway where he exited the bus; that at no time before the departure of the bus from the designated location did Mason observe Dosunmu in or near the flow of traffic; and that Dosunmu was hit by a car while crossing the highway after the bus had continued on its route. The evidence further established that Mason stated that he was unloading Dosunmu in accordance with the rules and regulations; that he did not know that Dosunmu lived across the highway from where Dosunmu got off the bus; and that he did not know Dosunmu would, or encourage Dosunmu to, cross the highway. None of the evidence established that Mason knew or had reason to know that Dosunmu was not exiting the bus at a designated location on the same side of the highway as his house or that Mason suggested, forced, or otherwise caused Dosun-mu to exit the bus at the Windover Apartments. Indeed, Dosunmu in his deposition testimony admitted that he did not know why he got off the bus at the designated spot across the highway from his house. Therefore, Oyedepo did not satisfy his burden of establishing that Mason acted beyond the scope of his authority in supervising Dosunmu, and the trial court erred in failing to enter a summary judgment in Mason’s favor.

Conclusion

Based on the foregoing, because Mason has demonstrated that he is entitled to State-agent immunity as to the claims asserted against him in his individual capacity in Oyedepo’s action, he has established a clear legal right to a summary judgment on those claims. Therefore, we grant the petition and issue a writ directing the Macon Circuit Court to enter a summary judgment in favor of Mason.
PETITION GRANTED; WRIT ISSUED.
BOLIN, PARKER, SHAW, MAIN, WISE, and BRYAN, JJ„ concur.
MURDOCK, J., concurs in the result.
MOORE, C.J., dissents.

. "Since [Ex parte] Cranman [, 792 So.2d 392, 405 (Ala.2000) ], we analyze immunity issues in terms of 'State-agent' immunity, rather than 'under the dichotomy of ministerial versus discretionary functions.' Ex parte Hudson, 866 So.2d 1115, 1117 (Ala.2003).” Howard v. City of Atmore, 887 So.2d 201, 203 (Ala.2003).